509 A.2d 956

Universal Cyclops Corporation, Petitioner *v.* Workmen's Compensation Appeal Board (Cherry), Respondents.

Argued March 13, 1986, before Judges COLINS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Neal R. Brendel,* with him, *Kenneth L. Salmon, Kirkpatrick & Lockhart,* for petitioner.

*Alexander J. Pentecost,* with him, *Amiel B. Caramanna, Jr.,* for respondents.

OPINION BY JUDGE PALLADINO, May 21, 1986:

Universal Cyclops Corporation (Employer) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's grant of benefits to Claimant Walter Cherry. We affirm.

The referee made the following pertinent findings of fact:

The claimant began working for the defendant employer on November 1, [1940] and has continued in their employ until the present time except for a period in the military service. From 1946 to 1965 he was a bar straightener. From 1965 to 1973 he drew wire. Since 1973 he has been and is a die maker.

During his whole period of employment with the defendant the claimant was exposed to the hazard of noise.

Notice of injury was given this employer on July 3, 1981.

Dr. Bell testified for the claimant.

He examined the claimant on June 12, 1981.

His opinion was that the claimant had lost the use of hearing in both ears for all practical intents and purposes and that this was due to noise exposure while working for the defendant.

Dr. Arena testified for the defendant.

He saw the claimant on February 19, 1982.

His opinion is that, while the claimant does have hearing impairment, he has not suffered loss of use for all practical intents and purposes.

After a review of the record, including the testimony of the physicians, we accept the testimony of Dr. Bell as the more credible, and find accordingly.

On June 12, 1981 the claimant suffered the permanent loss of use of hearing in both ears for all

practical intents and purposes and such loss of use directly results from his exposure to noises during employment with defendant.

The Board affirmed the referee's award of benefits, concluding that the findings of fact were supported by substantial evidence.

In its appeal to this Court, Employer argues: (1) that the referee erred in failing to make a finding of fact concerning when Claimant knew or should have known that he had suffered a work-related injury; and (2) that because Claimant was aware of his hearing disability as early as 1973, he failed to comply with the 120-day notice provisions of The Pennsylvania Workmen's Compensation Act,[1] and his claim is time barred by the Act's three year statute of limitations.[2]

The referee found that on June 12, 1981, Claimant lost his hearing for all practical intents and purposes. Because this is the date that Dr. Bell examined Claimant, we must conclude that the referee intended this date to represent the time when Claimant discovered the full extent of his disability and that it was work-related. The record shows that Dr. Bell was the first and only doctor to inform Claimant that he had lost his hearing for all practical intents and purposes and that the loss was possibly work-related. We need not remand for a finding concerning when Claimant knew or should have known he had a work-related disability because the referee has addressed this question.

The referee's finding that Claimant suffered the loss of use of his hearing in 1981 is supported by Claimant's testimony and by Dr. Bell's deposition. We will not disturb a finding of fact which is supported by substantial

---

[1] Section 311 of the Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §631.

[2] Section 315 of the Act, 77 P.S. §602.

evidence. June 12, 1981, therefore, is the date which starts the 120-day notice period and the three year statute of limitations. Claimant's notice to Employer on July 3, 1981, was well within the 120-day period, and the claim petition, filed July 1, 1981, was likewise timely filed. Accordingly, because the referee's findings of fact are supported by substantial evidence and no error of law was committed, we affirm the grant of benefits to Claimant Walter Cherry.

### ORDER

AND NOW, May 21, 1986, the order of the Workmen's Compensation Appeal Board at No. A-85297, dated September 13, 1984, is affirmed.