541 A.2d 851

Cyclops Corporation, Cytemp Specialty Steel Division, Petitioner *v.* Workmen's Compensation Appeal Board (Sray, Jr.), Respondents.

Submitted on briefs January 19, 1988, to President Judge CRUMLISH, JR., and Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Neal R. Brendel,* with him, *Jeffrey T. Barbour, Kirkpatrick & Lockhart,* for petitioner.

*Alexander J. Pentecost,* with him, *Amiel B. Caramanna, Jr.,* for respondent, John Sray, Jr.

OPINION BY SENIOR JUDGE BLATT, May 27, 1988:

Cyclops Corporation, Cytemp Specialty Steel Division (petitioner) petitions for our review of the opinion

and order of the Workmen's Compensation Appeal Board (Board) affirming the decision of the referee and adopting his findings of fact. The referee awarded compensation to John Sray, Jr. (claimant) for loss of hearing in both ears pursuant to Section 306(c)(8) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §513(8). We affirm.

The claimant was employed by the petitioner from 1942 through June 30, 1983. On April 18, 1983, a hearing test was conducted by the petitioner, after which a note was sent to the claimant indicating that he had a hearing loss and that he should be checked by a doctor. He was subsequently examined by Dr. Michael C. Bell on August 24, 1983. Dr. Bell's diagnosis was that the claimant has a sensorineural hearing loss caused by his total and cumulative exposure to a heavy noise level at work. The petitioner was notified of this condition on October 28, 1983.

The referee relied on the unequivocal testimony of Dr. Bell in finding that "as of August 24, 1983, claimant had lost the permanent use of hearing in both ears for all practical intents and purposes as a result of said total and cumulative exposure while employed by the self-insured defendant." Referee's Finding of Fact No. 5, Reproduced Record (R.R.) at 105a. The referee, therefore, awarded compensation beginning on that date, *i.e.* August 24, 1983. The Board stated in its opinion that "[t]he Referee found the hearing loss occurred on August 24, 1983. The notice was given within 120 days of the injury and as such complies with Section 311 of the Act." Board's Opinion at 2, R.R. at 110a.[1]

---

[1] We note that our scope of review in this matter is limited to a determination of whether constitutional rights were violated, errors of law committed, or whether essential findings of fact are not supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

Section 311 of the Act, 77 P.S. §631, requires notice to be given to the employer within 120 days of the occurrence of the injury in order for compensation to be allowed. Section 311 further pertinently provides that:

[I]n cases of injury . . . in which the nature of the injury or its relationship to the employment is not known to the employe, the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment.

The petitioner argues that the claimant knew or should have known of his injury well before August 24, 1983 and that, therefore, the notice to the petitioner was not timely.

According to the petitioner, the Board erred when it agreed with the referee that August 24, 1983 was the date of the claimant's injury because this finding is not supported by substantial evidence. Specifically, it points out that the claimant himself testified on January 4, 1984 that he began to notice that he had a hearing loss "[a]bout four years ago." Notes of Testimony (N.T.) of January 4, 1984 at 4, R.R. at 10a. The claimant also testified on that day that the Occupational Safety and Health Administration (OSHA) monitored him for the level of noise in his work area "about two years ago or so." N.T. of January 4, 1984 at 17, R.R. at 23a. The record further reflects that the claimant was given cotton to use as ear protection at work to "cut down the noise." N.T. of June 7, 1984 at 6, R.R. at 32a. The petitioner argues that any one of these events should have indicated to the claimant that he had a work-related hearing loss. We disagree.

The issues in the instant case are very similar to those considered by this Court in the case of *Universal Cyclops Corp. v. Workmen's Compensation Appeal*

*Board (Cherry)*, 97 Pa. Commonwealth Ct. 399, 509 A.2d 956 (1986). Following the reasoning in that case, we hold that August 24, 1983 is the date on which the notice period started and that, therefore, the petitioner did receive timely notice of the claimant's disability. Despite the assertion of the petitioner that certain events should have acted as clues to the claimant to act with reasonable diligence to discover the extent and the cause of his problem, to make such a finding would be far too speculative. There must be evidence that the claimant knew or should have known both that he had a hearing loss which is significant enough to be compensable *and* that the loss was caused by his employment. The evidence of record, specifically the testimony of the claimant and of Dr. Bell, supports the finding that the claimant was not aware that he had a significant, work-related hearing loss until he was examined by Dr. Bell on August 24, 1983. Consequently, we must also reject the petitioner's argument that the referee erred in not making a finding as to when the claimant knew or should have known of his disability. Under the circumstances, such a finding was not necessary.

Accordingly, we will affirm the order of the Board.

### ORDER

AND NOW, this 27th day of May, 1988, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.