569 A.2d 1011

**John J. REYNOLDS, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (BELL TELEPHONE COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 15, 1989.

Decided Feb. 6, 1990.

Reargument Dismissed March 12, 1990.

Vatche Kaloustian, Thomas F. McDevitt, P.C., Philadelphia, for petitioner.

Christopher H. Wright, Berwyn, with him, Ellen W. Cavanaugh, Philadelphia, for respondent.

Before DOYLE and PALLADINO, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

John J. Reynolds (Claimant) petitions for our review of the decision of the Workmen's Compensation Appeal Board (Board) which dismissed Claimant's claim petition because Claimant failed to give his employer timely notice of his work-related injury as required under Section 311 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 631.

Claimant works as a maintenance repair splicer-splicing technician for the Bell Telephone Company (Employer). On July 15, 1987, Claimant sustained a burn on his neck while making repairs on a telephone line for Employer. Claimant did not report his injury to Employer,[1] seek medical treat-

1. Although there was some discussion in the record as to whether Claimant told his supervisor of his injury, the referee accepted the testimony of Employer's representatives over the testimony of the

ment for the burn, or take any time off from work because of his injury.

On December 2, 1987, Claimant filed a claim petition, alleging disfigurement pursuant to Section 306(c)(22) of the Act, 77 P.S. § 513(22).[2] Specifically, Claimant alleged that the burn he suffered on July 15, 1987 left a serious and permanent scar on his neck causing him to be permanently disfigured.

At a hearing on the matter, the referee observed Claimant's facial scar and found the scar to be of such a serious and permanent nature as to result in an unsightly appearance. Even so, the referee dismissed Claimant's claim petition because the referee found that Employer had no knowledge or notice of Claimant's injury until December 15, 1987, the date the claim petition was served; and therefore, the referee concluded that Claimant had failed to meet his burden of proving that Employer either had knowledge of his work-related injury, or that Claimant gave such notice within the 120 day period required under Section 311 of the Act. Upon further appeal, the Board affirmed the referee's decision and this petition for review followed.[3]

Claimant and found that Employer had no knowledge or notice of Claimant's injury until December 15, 1987, the date the claim petition was served. Because a credibility determination is within the province of the referee when it is supported by competent evidence, we will not disturb this finding on appeal. *Universal Cyclops v. Workmen's Compensation Appeal Board*, 22 Pa.Commonwealth Ct. 92, 348 A.2d 158 (1975).

2. Section 306(c)(22) provides that:
   For all disability resulting from permanent injuries of the following classes, the compensation shall be exclusively as follows:
   (22) For serious and permanent disfigurement of the head, neck or face, of such a character as to produce an unsightly appearance, and such as is not usually incident to the employment, sixty-six and two-thirds per centum of wages not to exceed two hundred seventy-five weeks.

3. Our scope of review is limited to determining whether the necessary findings were supported by substantial evidence, an error of law was committed, or constitutional rights were violated. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa. Commonwealth Ct. 436, 550 A.2d 1364 (1988).

The sole issue for review by this Court is whether Claimant provided timely notice of his work-related injury to Employer in accordance with Section 311 of the Act. Section 311 requires notice to be given to the employer within 120 days of the occurrence of the injury in order for compensation to be allowed. Section 311 further pertinently provides that:

> [I]n cases of injury ... in which the nature of the injury or its relationship to the employment is not known to the employe, the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment.

This Court recently held in *Cyclops Corp. v. Workmen's Compensation Appeal Board (Sray, Jr.)*, 116 Pa.Commonwealth Ct. 421, 541 A.2d 851 (1988), that under Section 306(c)(8) of the Act, a claimant is not charged with notice of his injury for Section 311 purposes until the claimant knows or should have known that the loss is significant enough to be compensable and that the loss was caused by his employment. Claimant argues that this holding should be extended to Section 306(c)(22) as well. Specifically, Claimant contends that to deny an extension of the *Cyclops Corp.* rule to other specific losses within the same subsection would, in effect, require a claimant, like Mr. Reynolds, to have the foresight as to permanency of disfigurement and possible compensability that is not imposed in practice.[4]

In *Cyclops Corp.*, the claimant suffered permanent hearing loss from the cumulative exposure to a heavy noise level at work. Despite the fact that the hearing loss occurred over a long period of time and the claimant knew that his hearing was diminishing, this Court determined that the claimant only discovered he had a significant, work-related hearing loss after he was told so by his physician. Because he notified his employer within 120 days after he was medically informed of his permanent hearing loss, we found that notice was timely given by the claimant.

4. Brief of Petitioner, p. 9.

Similarly, in the present case, Claimant knew that he had suffered a work-related injury, a burn to his neck, on July 15, 1987. However, Claimant may not have known the significance of his injury, whether it was permanent or not, until a later date.[5] Therefore, we remand this case for the taking of additional testimony regarding the time when Claimant knew or should have known the scar caused by his burn was compensable, including when it was permanent. It is from this date that a determination of whether Claimant filed his claim petition in a timely manner can be made.

Accordingly, the order of the Board is vacated and remanded for further proceedings in accordance with the foregoing opinion.

## ORDER

AND NOW, this 6th day of February, 1990 the Order of the Workmen's Compensation Appeal Board is vacated and the case is remanded for further proceedings in accordance with the foregoing opinion.

PALLADINO, Judge, dissenting.

I respectfully dissent.

The majority's extension of the rule set forth in *Cyclops Corp. v. Workmen's Compensation Appeal Board (Sray, Jr.)*, 116 Pa.Commonwealth Ct. 421, 541 A.2d 851 (1988) is not warranted by the facts in this case. In *Cyclops* the injury was the gradual diminution of hearing to the point that the loss was compensable, caused by the claimant's total and cumulative exposure to a heavy noise level over a period of forty years. In the present matter, there was a clearly defined moment when the injury occurred, that being July 15, 1987. Given this definite point of time when the injury occurred, there is no reason to extend the 120 day time limit for notice.

5. We note that Claimant might also not have known that his injury was compensable under the Act until a later date.

While section 311 does provide for the extension of the 120 day period when either the nature of the injury or its relationship to the employment is not known, neither of these exceptions are applicable here. In the case now before us, there is no question that the injury had a relationship to the employment—the accident occurred on the job. The nature of the injury was also clear on July 15, 1987—the Claimant suffered a burn. The burn itself could not have been that serious, in that Claimant never sought medical attention or lost any time from work.

When there is a clearly defined point of time when the injury occurs, notice of the injury must be given within the 120 day period. The rule in *Cyclops* was established to protect those workers whose injuries naturally occur over long periods of time, and in such small increments as to be undetectable by the ordinary person. This is not the type of injury involved in this case. Accordingly, I would affirm the Board's decision.