628 A.2d 514

**Richard HERMANSON, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
(KAISER ALUMINUM), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 5, 1993.

Decided June 30, 1993.

Reargument Denied Aug. 3, 1993.

Samuel S. Blaufeld and Pamela M. Schiller, for petitioner.

Michael A. Fetzner, for respondent.

Before COLINS and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

COLINS, Judge.

Richard Hermanson (claimant) petitions for review of an August 27, 1992 decision and order of the Workmen's Compensation Appeal Board (Board) reversing the referee's decision to hold Kaiser Aluminum (employer) responsible for payment of claimant's past and future medical expenses, but affirming the decision of the referee in all other respects. We affirm.

Claimant worked for employer as a hammerman helper for over 34 years, during which time he was exposed to loud, steady noise from hammers and other machinery. The record indicates that on February 16, 1989, claimant filed a claim petition under The Pennsylvania Workmen's Compensation Act (Act),[1] alleging "loss of use of hearing in both ears for all practical intents and purposes caused by constant exposure to loud noises at work." It is alleged by claimant that this petition provided employer with notice of his March 31, 1986 date of injury.[2] Employer filed an answer denying the allegations of claimant's petition and raising notice and statute of limitation defenses.

Hearings were held before Referee Edward A. Pastewka on May 22, 1989 and July 14, 1989. Subsequently, the case was reassigned to Referee Geoffrey L. Seacrist who, on March 5, 1991, after finding the deposition testimony presented by claimant's physician, Stephen M. Froman, M.D. (Dr. Froman), more credible than that of employer's physician, Sidney N. Busis, M.D. (Dr. Busis), determined that claimant had suffered a complete loss of hearing for all intents and purposes, which loss was caused by exposure to noise while at work.

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

2. During subsequent hearings before the referee, claimant testified that he actually sustained no specific injury on March 31, 1986, but that this was the date he retired from his job with employer.

The referee, however, also found that claimant had failed to file his petition for specific loss in a timely manner and, therefore, was barred by the statute of limitations from receiving specific loss benefits. Claimant appealed this decision to the Board which, by order and decision dated October 4, 1991, vacated and remanded the matter to Referee Seacrist to make further findings of fact and conclusions of law regarding the date when claimant knew or should have known that he had sustained a complete hearing loss and that this loss was job-related.

The record indicates that on remand employer offered into evidence one exhibit (to which claimant did not object), consisting of a purchase contract indicating that as of October 21, 1985, claimant had obtained hearing aids for both ears. No other evidence was submitted, and both claimant and employer presented their arguments to the referee through correspondence. The referee, by order and decision dated November 20, 1991, dismissed the claim because of claimant's failure to provide timely notice of the injury to employer pursuant to Section 311 of the Act, 77 P.S. § 631,[3] and his failure to file the claim within the applicable statute of limitations period pursuant to Section 315 of the Act, 77 P.S. § 602.[4] The foregoing

3. Section 311 of the Act, 77 P.S. § 631, provides, in pertinent part:
   Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed. However, in cases of injury resulting from ionizing radiation or any other cause in which the nature of the injury or its relationship to the employment is not known to the employe, the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment.

4. Section 315 of the Act, 77 P.S. § 602, provides, in pertinent part:
   In cases of personal injury all claims for compensation shall be forever barred, unless, within three years after the injury, ... one of the parties shall have filed a petition as provided in article four hereof.... However, in cases of injury resulting from ionizing radiation in which the nature of the injury or its relationship to the

order, however, held employer responsible for payment of claimant's past and future medical expenses in the absence of any petition filed by employer pursuant to Section 306(f) of the Act, 77 P.S. § 531(2)(ii),[5] disputing the necessity of medical items or the reasonableness of their cost. The Board reversed the referee as to the past/future medical expense issue but otherwise affirmed the referee's decision. It is from this order that claimant now appeals.

In addition to incorporating by reference Nos. 1 through 5 of the findings of fact from his initial March 5, 1991 decision, the referee, in his November 20, 1991 decision, makes the following pertinent, additional findings of fact and conclusions of law:

## FINDINGS OF FACT

6. After a careful review of the entire record in this case, your Referee makes the following additional Findings of Fact:

   a. The Claimant has known since 1979 that he had suffered a significant hearing loss and that it resulted from his employment with Kaiser Aluminum;

   b. By at least October 21, 1985, Claimant's loss of hearing was such that he required hearing aids in both ears;

   c. Claimant retired from Kaiser Aluminum on March 31, 1986, and his hearing problem did not worsen after that date;

employment is not known to the employe, the time for filing a claim shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment.

5. Section 306(f) of the Act, 77 P.S. § 531(2)(ii), provides, in pertinent part:

The employer shall have the right to petition the department for review of the necessity or frequency of treatment or reasonableness of fees for services provided by a physician or other duly licensed practitioner of the healing arts. Such a petition shall in no event act as a supersedeas, and during the pendency of any such petition the employer shall pay all medical bills if the physician or other practitioner of the healing arts files a report or reports as required by subparagraph (i) of paragraph (2) of this subsection.

d. Claimant did not allege, and the proofs did not indicate, that there was any worsening in his hearing problem between October of 1985 and March of 1986;

e. The Claimant was aware of the extent of his hearing loss and its relationship to his employment since at least October 21, 1985, and the only thing which had changed as of January, February and March of 1989 was that Claimant had met an Attorney and had been referred to Dr. Froman who in turn rendered an opinion in support of a specific loss claim;

f. The pending Petition was the first notice of injury which Claimant provided Kaiser and was served within three (3) years, but not within one hundred and twenty (120) days, after his last date of employment;

g. Claimant's pending Petition was filed *before* he was notified of Dr. Froman's opinions; and

h. This is not a case where a Claimant's hearing gradually deteriorates after he leaves active employment and he is unaware of the extent of his loss until he receives a doctor's opinion, nor is this a case where a Claimant is unaware of the cause of his hearing loss until he receives a doctor's opinion, but rather is a case where the Claimant was fully aware of both the extent and cause of his hearing loss but had not been told by an Attorney that he could claim workers' compensation benefits and had not seen an expert witness until more than three (3) years had passed.

## CONCLUSIONS OF LAW

2. The Claimant had not sustained his burden of proof to establish entitlement to scheduled loss benefits for the complete loss of use of hearing, inasmuch as he did not provide timely notice of injury to his employer and did not pursue this claim within the applicable statute of limitations period.

3.  No approval of Attorney's fee, nor award of bills of cost, is appropriate. No award of unpaid medicals can be sustained on the record presented.

4.  Defendants remain responsible for the cost of Claimant's past and future treatment expenses, including hearing aids, in the absence of a Petition under Section 306(f) of the Act challenging either the necessity of particular items or the reasonableness of the charges for same.

Claimant argues that the referee erred in finding that claimant knew he had a compensable hearing loss as of October 21, 1985, the date when he acquired hearing aids in both ears. In this regard, claimant draws a tenuous distinction between his understanding that he needed to wear hearing aids and his lack of understanding that he sustained a compensable hearing loss caused by noise exposure at work. Claimant contends that not until he saw Dr. Froman on January 31, 1989, was he made aware that his condition was work-related and compensable and that, therefore, his February 16, 1989 claim petition did provide employer with timely notice. Additionally, claimant maintains that the Board erred in reversing the referee's order that employer pay all of claimant's past and future medical expenses.

After reviewing the record, we concur with the Board's affirmance of the referee's decision. This Court's scope of review is limited to determining "whether constitutional rights were violated, or an error of law was committed and whether the necessary findings of fact were supported by substantial evidence." *Monaci v. Workmen's Compensation Appeal Board (Ward Trucking)*, 116 Pa.Commonwealth Ct. 172, 174, 541 A.2d 60, 62 (1988).

In *Sun Oil Company v. Workmen's Compensation Appeal Board (Davis, III)*, 144 Pa.Commonwealth Ct. 51, 600 A.2d 684 (1991), this Court stated:

The notice period is triggered on the date the claimant knows, or should know, that his hearing loss is severe enough to be compensable, i.e., is complete for all practical intents and purposes and that the hearing loss was caused

by his employment. *Cyclops Corp. v. Workmen's Compensation Appeal Board* (Sray, Jr.), 116 Pa.Commonwealth Ct. 421, 424, 541 A.2d 851, 853 (1988).

*Id.,* at 53, 600 A.2d at 685.

*Cyclops* is relevant to the present case because in *Cyclops,* claimant John Sray, Jr. (Sray), also sustained permanent hearing loss from ongoing exposure to excessive noise level at work. Although Sray knew, over a period of time, that his hearing was deteriorating, this Court found that it was only upon the advice of his physician that Sray realized he had a substantial, work-related hearing loss. This Court, therefore, found that the notice Sray gave employer (within 120 days of being informed by his physician) was timely.

■ The *Cyclops* fact pattern, however, is distinguishable from the matter before us in that, as noted in the referee's additional fact findings, claimant filed his petition for benefits *before* he was aware of Dr. Froman's opinion. The record indicates the following testimony given by Dr. Froman during his June 6, 1989 deposition:

Q. Doctor, what did you tell Mr. Hermanson, if anything, about his hearing loss?

A. On March 9, 1989, I made Mr. Hermanson aware of my opinion regarding the nature, degree, and etiology or cause of his hearing loss. I recommended the use of appropriate ear protection devices in his ears at all times when exposed to loud noise. And I have recommended yearly otologic and audiologic evaluations.

We also agree with the referee's Finding of Fact No. 6.h. that this is not a case where claimant was "unaware of the cause of his hearing loss until he receives a doctor's opinion, but rather is a case where the Claimant was fully aware of both the extent and cause of his hearing loss...." Substantial evidence in the record indicates that claimant obtained a hearing aid for the right ear in 1979 and for the left ear at some point between 1984 and 1986, as evidenced by a purchase contract from Erickson Hearing Aid Center, dated October 21, 1985, and paid for by employer. The following testimony,

given by claimant during the May 22, 1989 hearing, indicates that he knew or had reason to know of the progressive deterioration of his hearing condition:

CROSS–EXAMINATION

Q. So that would have been ten years ago would have been [sic] about the time you first started wearing a hearing aid; is that correct?

A. Yes.

. . . .

Q. There is no question that at least as long as ten years ago, you knew that your hearing had gotten bad enough to the point where a hearing aid was necessary; correct?

A. Well, yes.

Q. In fact, it was ten years ago you stopped going to the movies because your hearing was so bad; correct?

A. Correct.

Q. So since you had been working at Kaiser, since 1952, ten years ago would have been 1979, you knew in your mind that the cause of your hearing loss was caused by your employment at Kaiser; is that correct?

A. Yes.

Q. So when you say that Froman was the first one to tell you that you had lost your hearing, he wasn't telling you anything that you didn't already know because you knew that by virtue of the fact that you had already altered your daily activities as you indicated in that you had purchased a hearing aid and you stopped going to the movies? You knew that your hearing loss had occurred; is that correct?

A. Yes.

. . . .

Q. You told Dr. Froman, at least it's in his report, that your hearing had been getting progressively worse over the past 30 years?

A. Yes.

. . . .

Q. The first time you ever notified Kaiser Aluminum that you felt that Kaiser was responsible for your hearing loss problem was when you filed this particular Claim Petition; is that correct?

A. Correct.

Based on the foregoing, claimant's contention that he first became aware of the significance of his hearing loss from Dr. Froman in 1989 is not tenable. An analogous situation arose in *Martin v. Workmen's Compensation Appeal Board (Jones & Laughlin Steel Corporation)*, 111 Pa.Commonwealth Ct. 201, 533 A.2d 810 (1987), where claimant Charles Martin (Martin), a steel mill worker, knew that he had a substantial work-related hearing loss in 1976 and had to wear hearing aids in both ears by 1979 but did not file his claim petition until 1984. This Court found Martin's claim to be time-barred, stating that

there is substantial evidence to find that Petitioner knew he had lost the use of his hearing not only 'in the manner in which nature intended,' but 'for all practical intents and purposes,' in 1979, was advised by a physician that his loss was work-related, but did not file his petition until he retired almost five years later.

*Id.* at 204, 533 A.2d at 811–12 (footnote omitted).

■ Applying the *Martin* rationale to the present matter, we are constrained to affirm the Board's order finding claimant's petition for benefits to be time-barred. Concomitantly, having found the entire claim untimely, we also affirm the Board in determining that employer is not responsible for payment of claimant's medical expenses. We reach this result even though recently submitted cases have argued that medical benefits per se are a separate entity from compensation and, therefore, should not be subject to the time limitations of Section 315. However, in *Bellefonte Area School District v. Workmen's Compensation Appeal Board (Morgan)*, 156 Pa.Commonwealth Ct. 304, 311–312, 627 A.2d 250, 254 (1993), this Court stated:

Article III, Section 315 bars all claims for compensation in the absence of the parties' agreement on the compensation payable under Article III or an appropriate petition filed under Article IV. In construing these sections of the Act, this Court may not disregard language which is clear and free from doubt. *Zimmerman v. O'Bannon,* 497 Pa. 551, 442 A.2d 674 (1982). If the legislature intended to exclude medical benefits from 'compensation' in Section 315, it would have expressly stated so. Under the circumstances, it is clear that the legislature intended that 'compensation' in Section 315 should include medical payments listed in Section 306(f)(1).

The recent opinion of this Court in *Bellefonte* controls, and we must find the instant claim for payment of medical benefits, as is the compensation claim, time-barred.

## ORDER

AND NOW, this 30th day of June, 1993, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.