**LUKENS STEEL COMPANY, Petitioner,**

v.

**WORKMEN'S COMPENSATION AP-
PEAL BOARD (Carl TRAVIL-
LION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Aug. 2, 1996.
Decided Sept. 3, 1996.

Lori A. Tunstall, for Petitioner.

No appearance entered for Respondent.

Before COLINS, President Judge, PELLEGRINI, J., and KELTON, Senior Judge.

PELLEGRINI, Judge.

Lukens Steel Company (Employer) appeals from a decision of the Workmen's Compensation Appeal Board (Board) affirming the Referee's award of benefits to Carl Travillion (Claimant) for complete hearing loss in both of his ears.

Claimant was employed with Employer for over 37 years until his retirement on May 29, 1990. On June 1, 1992, Claimant filed a claim petition alleging that he had lost the use of hearing in both ears for all practical intents and purposes. Employer filed an answer to the petition denying the material allegations thereof and alleging numerous defenses, including that the petition was barred by the applicable statute of limitations, and that Claimant failed to comply with the notice provision of the Workers' Compensation Act (Act).[1]

At the hearings before the Referee, Claimant introduced his deposition testimony. In that testimony, Claimant described the various positions that he held while working for Employer and indicated that during the course of his employment, he was exposed to a significant amount of loud noise. Claimant explained that the noise was so loud that he could not talk to his fellow employees and had to communicate using hand signals.

As to when he noticed his hearing loss, Claimant testified that when he began working for Employer in 1952, he had no problems with his hearing. Claimant further testified that he did have his hearing checked by Employer on several occasions during his employment, and that Employer had informed him that he had no problems with his hearing, but nevertheless, he began to notice problems with his hearing eight to 15 years before he retired. Claimant explained that at that time, he experienced a ringing in his ears and began having difficulties hearing high-pitched noises. Claimant testified that his hearing gradually worsened over the course of his employment, but that it did not get any worse after 1989. Claimant explained that although he knew that his hearing has gotten worse over the years, he did not know that it was work-related or that he had suffered a complete loss of hearing for all practical intents and purposes. Claimant stated that he did not consider the severity of his loss or its compensability until he was examined by a doctor in June, 1992.

As to his current condition, Claimant testified that he cannot understand somebody talking to him on the phone, cannot hear the phone ring, and is required to play the television at a very high volume in order to hear it. Claimant also testified that he cannot hear when someone is speaking to him and must read lips in order to do so. Additionally, Claimant explained, he cannot hear the radio or a passenger speaking while he is driving and cannot hear when he is in a noisy room.

Steven E. Ladenheim, M.D., Claimant's medical witness, testified that he examined Claimant on June 24, 1992, at which time he obtained Claimant's employment and personal history. Dr. Ladenheim explained that Claimant's subjective complaints of hearing loss comported with those associated with an occupational hearing loss. Dr. Ladenheim performed an audiogram and hearing test on Claimant on August 20, 1992, which indicated that Claimant has a loss of hearing in all frequencies, especially in the frequency range containing speech. Dr. Ladenheim diagnosed Claimant as having sensorineural hearing loss in both ears. Dr. Ladenheim's

1. Act of June 2, 1915, P.L. 736, *as reenacted and amended,* 77 P.S. §§ 1–1041.1.

opinion is that Claimant experiences a complete loss of hearing in both ears for all practical intents and purposes, and that the loss occurred because of his exposure to loud noises during his employment.

To counter Claimant's witness, Employer offered Arnold King Brenman, M.D., who examined Claimant on February 8, 1993. While agreeing that Claimant was suffering from sensorineural hearing loss, Dr. Brenman opined that Claimant had not suffered a complete loss of hearing for all practical intents and purposes. Dr. Brenman explained that in order to find a complete loss of hearing, he would require a substantial degree of severe and profound hearing loss.

■ After finding the testimony of Claimant and Dr. Ladenheim to be credible and persuasive, the Referee concluded that Claimant had suffered a complete loss of hearing in both ears for all practical intents and purposes as of May 29, 1990, and that his loss of hearing was work-related. The Referee then determined that the first time Claimant knew or should have known that his hearing loss was severe enough to be compensable and was caused by his employment was when he was thoroughly examined by Dr. Ladenheim on August 20, 1992. The Referee, citing to the fact that the claim petition was circulated on July 7, 1992, concluded that notice was given to Employer within 120 days of Claimant knowing his hearing loss was compensable and work-related.[2] The Referee granted the claim petition and awarded Claimant benefits and reimbursement of reasonable medical expenses. On appeal, the Board affirmed the Referee's decision. Employer now appeals to this Court.[3]

Not contesting whether Claimant has a complete hearing loss, Employer makes two arguments that are essentially intertwined in that they raise analogous issues. Employer first contends that Claimant did not comply with Section 311 of the Act[4] which required Claimant to provide notice of his injury within 120 days of learning of that injury. Employer also argues that Claimant's claim petition should have been dismissed because it was not filed within three years of his injury as required by Section 315 of the Act.[5]

As to its first argument, i.e., that Claimant did not provide notice of his injury within 120 days, Employer contends that the Referee's finding that Claimant first knew or should have known of his complete hearing loss and its work relatedness on August 20, 1992, is unsupported by the evidence in the record. Rather, Employer contends, the evidence of record establishes that Claimant should have known of his compensable loss many years earlier when he began to experience problems with his hearing. Because Claimant did not provide it with notice of his injury at that time, Employer argues that he did not comply with the 120-day notice provision.

Section 311 of the Act provides that:

Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice is given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed.

77 P.S. § 631.[6] As to the timeliness of providing the employer with notice of an injury, Section 311 further sets forth the following discovery rule for cases in which the claimant

---

**2.** The Referee did not specifically address the statute of limitations contention raised in Employer's answer to the claim petition.

**3.** Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or the necessary findings of fact are not supported by substantial evidence. *Pokita v. Workmen's Compensation Appeal Board (U.S.Air)*, 163 Pa.Cmwlth.97, 639 A.2d 1310 (1994).

**4.** 77 P.S. § 631.

**5.** 77 P.S. § 602.

**6.** The Referee's finding that Employer, through the hearing examinations it performed on Claimant, knew or should have known that Claimant was suffering from hearing difficulties, makes the applicability of Section 311 to the present case questionable.

does not know the extent of his or her injury and its relation to his or her employment:

> [I]n cases of injury resulting from ionizing radiation or any other cause in which the nature of the injury or its relationship to the employment is not known to the employe, the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment.

*Id.*

In the context of hearing loss cases, Section 311's notice period is triggered on the date that a claimant knows or should know that his or her hearing loss is severe enough to be compensable and that the loss is work-related. *Westinghouse Electric Corp. v. Workmen's Compensation Appeal Board (Peterson),* 164 Pa.Cmwlth. 32, 641 A.2d 1277 (1994), *petition for allowance of appeal denied,* 540 Pa. 625, 657 A.2d 495 (1995). Under the discovery rule, a claimant will not be deemed to have known about his or her hearing loss simply because he or she may have had suspicions thereof or there may have been symptoms indicating a loss of hearing. *Cyclops Corp. v. Workmen's Compensation Appeal Board (Sray, Jr.),* 116 Pa. Cmwlth. 421, 541 A.2d 851 (1988). Absent evidence that the claimant knew or should have known both that he or she had a hearing loss which is significant enough to be compensable *and* that the loss was caused by his or her employment, then the notice period of Section 311 does not begin to run simply because the claimant had an indication that he or she may be experiencing a work-related loss of hearing. *Id.; Boeing Helicopter Co. v. Workmen's Compensation Appeal Board (McCanney),* 157 Pa.Cmwlth. 76, 629 A.2d 184 (1993), *appeal dismissed,* 539 Pa. 321, 652 A.2d 796 (1994). If there is no evidence to establish that the claimant already knew that he or she had suffered a complete loss of hearing and that it was work-related,[7] then the deciding factor for determining the date of injury is when the claimant is advised by a doctor of a complete hearing loss for all practical intents and purposes that it is work-related, not when the complete hearing loss might have occurred. *Boeing Helicopter.*[8]

In the present case, there is no evidence in the record to establish that Claimant knew that he had suffered a complete loss of hearing for practical intents and purposes or that his loss of hearing was work-related prior to being examined by Dr. Ladenheim. Despite Employer's assertions to the contrary, the fact that Claimant was experiencing problems with his hearing a significant amount of time before he filed his claim petition is not sufficient to trigger the notice period of Section 311. Claimant had no knowledge that he was suffering from a complete hearing loss that was work-related, and, in fact, Employer had informed Claimant that he had no problems with his hearing when he was tested during the course of his employment. The first time Claimant knew that he had suffered a complete loss of hearing for practical intents and purposes and that the loss of hearing was related to his employment was when he was informed of that fact by Dr. Ladenheim following the August 20, 1992 examination. Because the

7. *Hermanson v. Workmen's Compensation Appeal Board (Kaiser Aluminum),* 156 Pa.Cmwlth.556, 628 A.2d 514 (1993), *petition for allowance of appeal denied,* 536 Pa. 633, 637 A.2d 293 (1993) (holding that a claim petition was barred by Section 311 because the claimant knew he had suffered a complete loss of hearing six years before he was informed of that fact by a doctor and before he filed a claim petition). In *Westinghouse Electric Corp. v. Workmen's Compensation Appeal Board (Peterson),* 164 Pa.Cmwlth.32, 641 A.2d 1277 (1994), *petition for allowance of appeal denied,* 540 Pa. 625, 657 A.2d 495 (1995), this Court attempted to distinguish *Hermanson* on the basis that the claim petition was filed before the claimant had obtained a doctor's opinion informing him of a complete hearing loss. In the instant case, since Claimant filed his claim petition prior to receiving Dr. Ladenheim's opinion, Employer argues that *Hermanson* should preclude recovery. Significantly, however, the holding of *Hermanson* was premised more on the fact that there was specific evidence in the record to show that the claimant actually *knew* that he had suffered a complete loss of hearing and that it was work-related. Because there is no such evidence in the present case, *Hermanson* is not controlling.

8. The date on which a claimant knew or should have known that his or her hearing loss was severe enough to be compensable and was work-related is a question of fact to be decided by the Referee. *Westinghouse Electric Corp.*

date of circulation of his claim petition was July 7, 1992,[9] Employer was provided with notice of Claimant's injury within 120 days of its discovery as required by Section 311.

■ Employer's second argument, which addresses whether Claimant's claim petition is barred by the three year statute of limitations set forth in Section 315 of the Act,[10] raises essentially the same issue as did Employer's previous argument concerning the 120-day notice provision of the Act. In this regard, Employer argues that under Section 315 of the Act, the date on which Claimant first discovered the severity and compensability of his hearing loss is irrelevant. Rather, Employer argues, the evidence of record indicates that Claimant's condition did not worsen since 1985, and therefore, that date should be used for calculating whether the statute of limitations has expired.

Although the discovery provision of Section 315 does not expressly apply to loss of hearing cases, this Court has previously held that for purposes of computing the statute of limitations, the date of injury in hearing loss cases is the date that a physician informs a claimant of the nature and extent of his or her hearing loss and that it was work-related. *Westinghouse Electric Corp., supra; B.P. Oil Co. v. Workmen's Compensation Appeal Board (DeFrank),* 158 Pa.Cmwlth. 8, 632 A.2d 585 (1993), *petition for allowance of*

*appeal denied,* 538 Pa. 675, 649 A.2d 676 (1994); *Universal Cyclops Corp. v. Workmen's Compensation Appeal Board (Cherry),* 97 Pa.Cmwlth. 399, 509 A.2d 956 (1986). As with the 120-day notice provision, even if the claimant had prior suspicions that he or she is suffering a hearing loss and that it is work-related, only when the claimant knows with certainty the true nature, extent and cause of the hearing loss will the statute of limitations begin to run. *Keith v. Workmen's Compensation Appeal Board (The Budd Co.),* 654 A.2d 183 (Pa.Cmwlth.1995). Resolving this issue as we did in addressing the 120-day notice provision, the date of Claimant's examination, August 20, 1992, is the date of injury for statute of limitations purposes. Having been filed on June 1, 1992, and therefore, within three years of the date of injury, Claimant's claim petition was timely filed.[11]

Accordingly, the order of the Board affirming the Referee's decision is affirmed.[12]

### ORDER

AND NOW, this 3rd day of September, 1996, the order of the Workmen's Compensation Appeal Board at No. A94–0988, dated October 31, 1995, is affirmed.

9. In April, 1992, while at a union meeting, Claimant was informed that the law firm of Feder & Della Guardia was providing free hearing tests. After undergoing the initial screening offered by the law firm, Claimant was informed on May 14, 1992, that he may have a work-related hearing loss. Apparently, Claimant retained the law firm and filed a claim petition on June 1, 1992. Despite that filing date, the evidence of record indicates that Claimant was not informed by a doctor of the severity of his hearing loss or that it was definitely work-related until August 20, 1992.

10. Section 315 provides that:

In cases of personal injury all claims for compensation shall be forever barred, unless, within three years after the injury, the parties shall have agreed upon the compensation payable under this article; or unless within three years after the injury, one of the parties shall have filed a petition.... However, in cases of injury resulting from ionizing radiation in which the nature of the injury or its relationship to the employment is not known to the employee,

the time for filing a claim shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment.
77 P.S. 602.

11. Although the claim petition was filed more than two months prior to Claimant being examined by Dr. Ladenheim, this fact does not affect our determination that the date of injury was August 20, 1992. *B.P. Oil Co., supra.*

12. Employer has also challenged the Referee's determination that Claimant suffered his injury on May 29, 1990, the day that he retired. While we agree that the Referee erred in setting the injury date as May 29, 1990, as opposed to August 20, 1992, that error does not affect the Referee's award of benefits, and therefore, is harmless. Moreover, for the reasons set forth in this Opinion, we must reject Employer's remaining argument that the injury date should be no later than 1985, the point at which the deterioration in Claimant's hearing had ceased.