Donald **ANASTASIO**, James Bender, Ronald Bochis, Leonard Bruder, Ronald Dierolf, William Fehr, Wilbur Herb, Albert Randis, Robert Wawrzyniak, Petitioners,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (NGK METALS CORPORATION), Respondent.**

**NGK METALS CORPORATION and Tokio Marine and Fire Insurance Company, Petitioners,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (ANASTASIO), Respondent.**

**NGK METALS CORPORATION and Tokio Marine and Fire Insurance Company, Petitioners,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (BENDER), Respondent.**

**NGK METALS CORPORATION and Tokio Marine and Fire Insurance Company, Petitioners,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (BOCHIS), Respondent.**

**NGK METALS CORPORATION and Tokio Marine and Fire Insurance Company, Petitioners,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (BRUDER), Respondent.**

**NGK METALS CORPORATION and Tokio Marine and Fire Insurance Company, Petitioners,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (DIEROLF), Respondent.**

---

4. This was done without objection by Claimant's counsel.

NGK METALS CORPORATION and Tokio Marine and Fire Insurance Company, Petitioners,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (FEHR), Respondent.

NGK METALS CORPORATION and Tokio Marine and Fire Insurance Company, Petitioners,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (HERB), Respondent.

NGK METALS CORPORATION and Tokio Marine and Fire Insurance Company, Petitioners,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (RANDIS), Respondent.

NGK METALS CORPORATION and Tokio Marine and Fire Insurance Company, Petitioners,

v.

WORKMEN'S COMPENSATION AP- PEAL BOARD (WAWRZYN- IAK), Respondent.

Commonwealth Court of Pennsylvania.

Argued Dec. 12, 1996.

Decided Aug. 5, 1997.

Barbara G. Holmes, Pittsburgh, for petitioners.

R. Burke McLemore, Jr., Harrisburg, for respondents.

Before FRIEDMAN and FLAHERTY, JJ., and LORD, Senior Judge.

FLAHERTY, Judge.

Donald Anastasio, James Bender, Ronald Bochis, Leonard Bruder, Ronald Dierolf, William Fehr, Wilbur Herb, Albert Randis and Ronald Wawrzyniak (collectively Claimants), Employer NGK Metals Corporation (NGK) and Tokio Marine and Fire Insurance Company (Tokio) appeal and cross-appeal from the April 18, 1996, decisions and orders of the Workers' Compensation Appeal Board (Board)[1] which reversed the healing periods awarded by the workers' compensation judge (WCJ), but affirmed the WCJ's decision in all other aspects.

The Claimants work, or worked, in a metals plant which NGK purchased on October 1, 1986. Tokio was NGK's insurance carrier from October 1, 1986, through December 31, 1992. NGK changed carriers, effective January 1, 1993, from Tokio to National Union. In June of 1993, prior to the filing of their petitions, all of the Claimants, with the exception of Claimant Randis, were advised by their physician that they sustained a complete loss of use of hearing.[2] On June 16, 1993, the Claimants filed individual claim petitions averring a specific loss of use of hearing was incurred while working for NGK. At hearings before the WCJ, each of the Claimants testified on his own behalf regarding the noise level, amount of exposure and hearing difficulty and presented lay and medical testimony in support of their individual petitions. NGK presented testimony from its plant production manager concerning its takeover of the plant, as well as testimony by medical experts regarding each of the Claimants.

After hearings on the matters, the WCJ found that all of the Claimants sustained specific loss of use of hearing for all practical intents and purposes while working for NGK. In decisions rendered before February 23, 1995,[3] the WCJ awarded Claimants the statutorily provided 260 weeks for binaural hearing loss under Section 306(c)(8)(I) of the Act, 77 P.S. § 513(8), along with a 10 week healing period provided under Section 306(c)(25) of the Act, 77 P.S. § 513(25).

On April 18, 1996, the Board reversed the awards of the healing periods, specifically finding in each individual case that the

---

**1.** Pursuant to the 1996 amendments to Section 107 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 27, the name of the Workmen's Compensation Appeal Board was changed to the Workers' Compensation Appeal Board effective August 23, 1996. *See* Act 57, Act of June 24, 1996, P.L. 801.

**2.** Claimant Randis was advised of his loss on March 29, 1993.

**3.** The WCJ rendered the decisions as follows: Anastasio, 1/31/95; Bender, 1/24/95; Bochis, 1/31/95; Bruder, 1/31/95; Dierolf, 1/24/95; Fehr, 12/24/94; Herb, 12/21/94; Randis, 1/31/95; and Wawrzyniak, 2/9/95.

Claimants never returned to employment and, in fact, left employment for one reason or another prior to the diagnoses of their conditions by their medical expert.[4] The Board determined there was no need for a healing period as the record lacked any evidence that the Claimants ever intended to return to work. The Board, however, affirmed the WCJ's decisions in all other aspects.

In essence, the Board determined that the Claimants did not suffer a loss of earning power because of the specific loss of use of hearing. The Board, however, affirmed the WCJ's decisions in all other aspects. The Claimants appeal, and NGK and Tokio cross-appeal, from the Board's decisions and orders. The appeals and cross-appeals were consolidated.

The parties raise the following issues on appeal: whether Claimants Bender, Bochis, Herb and Randis failed to timely provide notice or file their claims; whether the WCJ erred in relying upon the testimony and opinion of the Claimant's medical expert; whether substantial evidence exists to prove injurious exposure to noise so as to establish causation or injury; if causation is established, whether Tokio is the responsible carrier; and whether the Board erred in reversing the healing period awarded to each of the Claimants.[5]

### FILING AND NOTICE

Tokio argues that Claimants Bender, Bochis, Herb and Randis failed to timely provide notice or file their claim petitions. Under Section 311 of the Act, 77 P.S. § 631, a claimant must give notice of his or her injury to the employer within 120 days of the injury's occurrence or be forever barred from obtaining compensation for that injury. Whether a claimant has complied with the notice requirement under the Act is a question of fact to be determined by the WCJ. *Boeing Helicopter Co. v. Workmen's Compensation Appeal Board (McCanney)*, 157 Pa.Cmwlth. 76, 629 A.2d 184 (1993), *petition for allowance of appeal denied*, 539 Pa. 321, 652 A.2d 796 (1994). NGK also avers that these Claimants knew or should have known of their hearing loss prior to the date of diagnosis by their physician and, thus, the claims are time-barred under the Act.[6] In *Hermanson v. Workmen's Compensation Appeal Board (Kaiser Aluminum)*, 156 Pa. Cmwlth. 556, 628 A.2d 514 (1993) this court upheld the denial of benefits where the claimant knew or should have known of his

---

4. Of the nine Claimants here, all but two are retired from NGK. Claimants Bender and Wawrzyniak are currently off work, and receiving workers' compensation benefits, because of work-related injuries to their backs, both of which occurred in 1992, which are separate and distinct from the present matter. Therefore, Claimants Bender and Wawrzyniak have not worked for NGK since 1992. The other seven Claimants retired as follows: Anastasio, 10/92; Bochis, 1/93; Bender, 6/91; Dierolf, 11/92; Fehr, 3/92; Herb, 10/93; and Randis, 1/90. None of the retired Claimants, however, including Claimant Herb, worked for NGK after December 31, 1992.

5. Our appellate review in a workers' compensation action, where the Board takes no additional evidence, is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether constitutional rights were violated or whether an error of law was committed. *Nevin Trucking v. Workmen's Compensation Appeal Board (Murdock)*, 667 A.2d 262 (Pa.Cmwlth.1995).

6. Section 315 of the Act, 77 P.S. § 602, states, in pertinent part, that:

In cases of personal injury all claims for compensation shall be forever barred, unless, within three years after the injury, the parties shall have agreed upon the compensation payable under this article; or unless within three years after the injury, one of the parties shall have filed a petition as provided in article four hereof.... However, in cases of injury resulting from ionizing radiation in which the nature of the injury or its relationship to the employment is not known to the employe, the time for filing a claim shall not begin to run until the employee knows, or by exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment.

While acknowledging that the loss of use of hearing is a specific loss under the Act, not an occupational disease, the entirety of the above-quoted material is necessary, and by case law applicable, to the ultimate determination in these matters. *See B.P. Oil Co. v. Workmen's Compensation Appeal Board (DeFrank)*, 158 Pa.Cmwlth. 8, 632 A.2d 585 (1993), *petition for allowance of appeal denied*, 538 Pa. 675, 649 A.2d 676 (1994).

alleged hearing loss. That case, however, is very fact specific. In *Hermanson*, among other things, the claimant was fully aware of both the extent and cause of his hearing loss at least three years prior to obtaining a medical diagnosis that his loss of use of hearing was complete. Moreover, Hermanson also filed his claim petition before obtaining this medical diagnosis, thus supporting that he knew the extent and cause of the loss.

A claimant's *belief*, without more, that the hearing loss is work-related does not rise to the level necessary to begin the running of the statute of limitations under the Act. Indeed, the "[m]ere knowledge or suspicion of a significant hearing loss and a possible causal relationship with employment ... is not sufficient evidence of a compensable hearing loss." *Boeing Helicopter*, 629 A.2d at 189. Here, Claimants Bochis and Randis neither admitted, nor do the facts of either case evidence, that prior to their dates of diagnosis they knew for certain that their hearing loss was of such a degree and was caused by work-related noise exposure. As such, *Hermanson* is distinguishable from the facts surrounding these two Claimants.

Regarding Claimants Bender and Herb, both Claimants admitted during their testimony that they knew, prior to diagnosis by their medical expert, that they were experiencing a worsening of their hearing because of work-related noise exposure. Under the language of *Boeing Helicopter* quoted above, however, this knowledge is not enough to rise to a level that would entitle the WCJ to find that the Claimants knew the full extent of their loss of use of hearing. As such, *Hermanson* is also distinguishable from the facts surrounding these two Claimants.

In *Boeing Helicopter*, this court held that, for purposes of the statute of limitations periods under the Act, "a hearing loss becomes compensable when a claimant is advised by the doctor that he or she has suffered a complete loss of use of hearing for all practical intents and purposes and that the loss is workrelated." *Id.* at 187. Moreover, "[a] complete loss of hearing occurs when an individual is unable to function in usual so-cial, work and familial settings." *Id.* Here, the dates of medical diagnoses regarding all the Claimants, including Bender on June 28, 1993, Randis on March 29, 1993, and Bochis and Herb on June 3, 1993, establish that notice was timely given to NGK and that the claim petitions were filed in a timely fashion on June 16, 1993. As such, the Board was correct in affirming the WCJ's findings that all the Claimants here timely provided notice to, and filed their claim petitions with, NGK.

## EVIDENCE AND CREDIBILITY

The WCJ found the testimony of the Claimants' medical expert credible and persuasive that the hearing losses were due to work-related noise exposure, including exposure to loud noise while working for NGK. As this court has consistently held, the WCJ is the ultimate finder of fact, *Universal Cyclops Steel Corp. v. Workmen's Compensation Appeal Board (Krawczynski)*, 9 Pa. Cmwlth. 176, 305 A.2d 757 (1973), and the exclusive arbiter of credibility and evidentiary weight. *Greenwich Collieries v. Workmen's Compensation Appeal Board (Buck)*, 664 A.2d 703 (Pa.Cmwlth.1995). Therefore, the WCJ is free to accept or reject, in whole or in part, the testimony of any witness presented including that of medical experts. *Buczynski v. Workmen's Compensation Appeal Board (Richardson–Vicks, Inc.)*, 133 Pa. Cmwlth. 532, 576 A.2d 421 (1990).

As we stated in *Sellari v. Workmen's Compensation Appeal Board (NGK Metals Corp.)*, 698 A.2d 1372, 1376 (Pa.Cmwlth. 1997), "[t]his court will neither re-weigh evidence nor assert its own determinations of credibility over that of the WCJ. Our review, specifically regarding witness testimony, is simply to ensure that the WCJ's findings of fact have the requisite measure of support in the record." Our review here reveals that substantial evidence exists to establish causation and injury in the Claimants' cases. Thus, the Board correctly affirmed the WCJ's findings that each of the Claimants sustained a work-related specific loss of use of hearing while in the course of their employment with NGK.

## RESPONSIBLE CARRIER

The WCJ found that the Claimants first knew that they suffered a complete loss of hearing caused by employment when they were so advised by their medical expert. Tokio argues that because the Claimants' were all diagnosed with specific loss of use of hearing by their medical expert after December 31, 1992, the date Tokio last provided coverage for NGK, National Union, as NGK's carrier after that date, should be the responsible carrier. Tokio contends that the WCJ erred in finding it the responsible carrier and that the Board erred in affirming the WCJ by citing analogies to occupational disease law.

■ In *B.P. Oil* this court stated that the actual "date of injury is the date that a physician informs the claimant of the nature and extent of his hearing loss." *Id.* 632 A.2d at 589 (emphasis omitted). Tokio contends that this date, therefore, should also determine the responsible carrier and, thus, any liability attributable to NGK should be paid by National Union, the carrier on the date the Claimants were informed of their specific loss. As we stated in *Sellari:*

> when an employee has ceased working, the date that must be used to determine calculations for benefits for specific loss of use of hearing is the date of last exposure. This is so because that is the day when the claimant was last exposed to the harm that caused the injury. Under such circumstances, to assign liability to an insurance carrier solely on the basis that it is the carrier on the date of diagnosis, and not on the date of last exposure, would impart an egregious result. This court shall not render such a holding.

*Id.* at 1376 (citation omitted). Therefore, because Tokio was the carrier when the Claimants were last exposed to loud, occupational noise, the WCJ correctly found Tokio to be the responsible carrier.

## HEALING PERIODS

■ The WCJ awarded Claimants not only specific loss benefits under Section 306(c)(8)(I) of the Act, but also the maximum healing period provided in Section 306(c)(25) of the Act. The Board reversed the healing period awards, finding that Claimants were either retired or missed no time from work because of the specific loss of use of hearing. Claimants cite to *Sun Oil Co. v. Workmen's Compensation Appeal Board (Davis),* 144 Pa.Cmwlth. 51, 600 A.2d 684 (1991), for the proposition that the award of a healing period automatically follows the grant of specific loss benefits even when the employee does not return to work. However, as we held in *Sellari:*

> [a]lthough *Sun Oil* holds that a claimant is entitled to a *presumption* that the specific loss entitles him or her to the healing period prescribed under Section 306(c)(25) of the Act, such a presumption is *rebuttable.* Therefore, a claimant does not have the burden to "demonstrate an impairment of earning capacity to qualify for the healing period extension of benefits." *Sun Oil* at 686. The entitlement to a healing period award is *not,* as NGK avers, automatic. It is, however, the employer's burden to present evidence to rebut the presumption of the claimant's entitlement to the proscribed healing period.

*Id.* at 1377 (emphasis in original). Here, however, the Board, ignoring the language of *Sun Oil* that a claimant does not have the burden to "demonstrate an impairment of earning capacity to qualify for the healing period extension of benefits", improperly placed the burden on the Claimants to prove entitlement to the healing periods by establishing a lessening in their earning power.[7] *Id.* 600 A.2d at 686.

Therefore, as in *Sellari,* in light of our clarification of *Sun Oil,* we vacate the WCJ's awards of healing periods to Claimants and remand to the Board with instructions to remand to the WCJ to allow NGK to present

7. Although the Board erroneously shifted the burden to the Claimants to prove entitlement to the healing periods, we note that nowhere in the record did any of the retired Claimants raise as an issue that they were forced to retire from employment with NGK because of a work-related specific loss of use of hearing. Additionally, nowhere in the record did either of the other two Claimants, who were off work because of non-related injuries, raise as an issue that they sustained any loss of earning power because of their specific loss of use of hearing.

rebuttal evidence with regard to the healing periods and to make necessary findings of fact and conclusions of law concerning the same.

## SPECIFIC LOSS BENEFITS

Finally, although the WCJ granted 260 weeks of specific loss benefits to Claimants for their complete loss of use of hearing for all practical intents and purposes, as we noted in *Sellari,* our Supreme Court recently addressed the 1995 amendments to the Act under Act 1, Act of February 22, 1995, P.L. 1 (Act 1), which became effective February 23, 1995, as they apply to specific loss of use of hearing benefits, in the case of *Bible v. Department of Labor and Industry,* 548 Pa. 247, 696 A.2d 1149 (1997).

The *Bible* Court held that Act 1 amended the hearing loss section of the Act and changed the standard for determining specific loss of use of hearing to now provide benefits for permanent partial and total loss of hearing by "multiplying the maximum number of weeks by the percentage of hearing impairment as demonstrated by audiogram testing...." *Id.* at 251, 696 A.2d at 1151.

The *Bible* Court, noting that Act 1 provided changes in the standard for determining specific loss of use of hearing, also held that these changes were intended to apply " 'retroactively to all claims existing as of the effective date of this act *for which compensation has not been paid or awarded.*' " *Id.* at 252, 696 A.2d at 1151 (citation omitted)(emphasis added). However, under the guidance of *Drop v. Workmen's Compensation Appeal Board (U.S. Steel Mining Co.),* 548 Pa. 262, 696 A.2d 1157 (1997), a Supreme Court decision filed the same day as *Bible,* we hold that *Bible* is inapplicable to the present matters.

In *Drop,* the claimant was denied specific loss of use of hearing benefits by the WCJ. This denial was upheld by the Board and this court. On appeal, the Supreme Court held that, as compensation had not been paid or awarded at the time Act 1 became effective, the retroactivity provision of Act 1 made it applicable to the matter on appeal. The

Court, therefore, remanded the matter to the Board for further proceedings.

Here, as we held in *Sellari,* although *Bible* provides that the Act 1 amendments are to be applied retroactively, under the guidance of *Drop* we hold that Claimants' benefits for specific loss of use of hearing are not affected by the retroactive application of Act 1 because they were awarded prior to February 23, 1995, the effective date of Act 1. Therefore, we affirm the WCJ's awards of 260 weeks of specific loss of use of hearing benefits to Claimants.

Accordingly, we affirm the Board's decision that Claimants are each entitled to 260 weeks of specific loss of use of hearing benefits but vacate its determination regarding the healing period awards. Moreover, we remand to the Board with instructions to remand to the WCJ solely for the purpose of allowing NGK to present rebuttal evidence in regard to the presumption that Claimants are entitled to healing period awards for their specific loss of use of hearing and to make appropriate findings of fact and conclusions of law thereof.

### ORDER

NOW, August 5, 1997, the April 18, 1996, orders of the Workers' Compensation Appeal Board are affirmed to reflect that Claimants are each awarded 260 weeks of benefits for specific loss of use of hearing. The Board's decisions are vacated, however, as they pertain to its denial of the healing period awards to Claimants.

Moreover, we remand to the Board with instructions to remand to the WCJ solely for the purpose of allowing NGK to present rebuttal evidence in regard to the presumption that Claimants are entitled to healing period awards for their specific loss of use of hearing and to make appropriate findings of fact and conclusions of law thereof.

Jurisdiction relinquished.

LORD, Senior Judge, concurs in the result only.