**FLAGG BRASS, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (KATARZYNSKI), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 31, 1999.
Decided Oct. 19, 2000.

Lori A. Tunstall and Deborah A. Rocco, Philadelphia, for petitioner.

Fred M. Feder, Philadelphia, for respondent.

BEFORE: PELLEGRINI, Judge, FRIEDMAN, Judge, RODGERS, Senior Judge.

RODGERS, Senior Judge.

Flagg Brass (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed as amended the decision of the workers' compensation judge (WCJ) granting Joseph Kararzynski's (Claimant) claim petition requesting benefits for a binaural hearing loss suffered as a result of long-term exposure to hazardous occupation noise. Reconsideration of our prior decision in this matter was granted on July 19, 2000, and we now vacate the Board's order granting Claimant benefits and remand the matter for additional findings and conclusions as dictated by the following.

Claimant worked for Employer as a sheet metal mechanic from November 1960 until he retired on June 20, 1988. On February 1, 1995, Claimant filed a claim petition, alleging that he suffered an occupational hearing loss resulting from his exposure to noise at work. Employer filed an untimely answer, denying the allegations, and the matter was assigned to a WCJ.

Claimant testified about his work history, his military history and described the types of noise to which he was exposed. Claimant also testified that his hearing gradually deteriorated during the time he worked for Employer, but has remained the same since his retirement in 1988. He acknowledged that Employer began testing the hearing of employees about four or five years prior to his retirement, but that test results were not explained to him. Claimant submitted a report authored by Matthew J. Nagorsky, M.D., who examined Claimant on March 24, 1998. The doctor opined that Claimant had sustained a 17.8 percent permanent binaural hearing impairment due to exposure to noise trauma while working for Employer.

In response, Employer submitted a report from Arnold K. Brenman, M.D., who examined Claimant on February 25, 1998. Dr. Brenman opined that Claimant's binaural hearing impairment measured 18.8 percent and could be attributed to either Claimant's occupation noise exposure or presbycusis.[1] Dr. Brenman further opined that using statistical measurements that estimate the portion of hearing loss attributed to aging provides a 7.5 percent impairment of Claimant's hearing loss at the time of retirement ten years earlier.[2]

1. Presbycusis is defined as the "loss of ability to perceive or discriminate sounds as a part of the aging process...." Stedman's Medical Dictionary 1254 (25 th ed.1990).

2. The WCJ's Finding of Fact No. 1 contains a typographical error indicating a retirement date for Claimant on June 20, 1998, rather than June 20, 1988, ten years earlier.

The WCJ credited both Claimant's testimony and the opinions stated by Dr. Nagorsky in his report and rejected Dr. Brenman's opinions, determining that Claimant had proven that he sustained a 17.8 percent compensable hearing loss caused by exposure to noise at work. The WCJ concluded that Employer had received timely notice of Claimant's injury through the filing of the claim petition. The WCJ also determined that Claimant was "unaware of the nature and extent of his work-related hearing loss until he filed a claim petition on or about January 30, 1995." (WCJ's decision, Finding of Fact No. 14, p. 5).

The WCJ also indicated that Act 1 of 1995 (Act 1), Act of February 23, 1995, P.L. 1, the hearing loss amendments to the Workers' Compensation Act (Act),[3] did not apply to the present case because Claimant's claim petition was filed prior to its enactment. Based on the non-applicability of Act 1, the WCJ determined that Claimant's claim petition was timely filed. In other words, the WCJ concluded that the statute of limitations section of Act 1,[4] which requires the filing of a claim petition within three years of the date of last exposure to hazardous occupational noise was inapplicable. The WCJ also concluded that Employer had not filed a timely answer to Claimant's petition and that Claimant was entitled to 46.28 weeks of benefits at a rate to be determined by the parties with an assessment of interest from January 30, 1995 at a rate of 10 percent per annum.

Employer appealed to the Board, alleging a lack of substantial evidence to support various findings and that the WCJ should have applied Act 1 to this case and thereby erred in concluding that Claimant's petition was timely filed. Employer also alleged that notice to Employer was not timely, that the WCJ failed to identify a date of injury and an average weekly wage and benefit rate, that the WCJ erred in awarding interest from January 30, 1995, and further erred in addressing Employer's late answer in light of Claimant's failure to object.

The Board reviewed the evidence concluding that the WCJ's findings were supported by substantial evidence.[5] Then the Board held that Act 1 did apply because, although the claim was filed before the effective date of Act 1, no benefits were paid or awarded prior to that date, citing *Bible v. Department of Labor and Industry,* 548 Pa. 247, 696 A.2d 1149 (1997). However, the Board held that the WCJ had properly applied Act 1 in that the date from which the statute of limitation begins to run is the date when a claimant learns he has sustained a hearing loss that is related to his exposure to hazardous occupational noise at work. The Board also responded to the rest of Employer's arguments, essentially affirming the WCJ's decision. The Board then ordered the matter remanded for the calculation of benefits, indicating that the benefits should be calculated according to Claimant's average weekly wage in 1995, the year the claim petition was filed.

Employer now appeals to this Court,[6] raising the following issues for our review:

**3.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–104.4, 2501–2626.

**4.** Section 306(c)(8)(viii) of Act 1, 77 P.S. § 513(8)(viii), states:

(viii) Whenever an occupational hearing loss caused by long-term exposure to hazardous occupational noise is the basis for compensation or additional compensation, the claim shall be barred unless a petition is filed within three years after the date of last exposure to hazardous occupational noise

in the employ of the employer against whom benefits are sought.

**5.** However, the Board did not recognize the typographical error made by the WCJ in Finding of Fact No. 1 and relied on an incorrect date of retirement throughout its decision. The Board did find that the WCJ erred in addressing Employer's late answer because Claimant failed to object.

**6.** Our scope of review in a workers' compensation appeal is limited to determining

(1) whether Claimant's petition is time barred pursuant to Section 306(c)(8)(viii) of Act 1, (2) whether the Board erred in concluding that February 1, 1995 is the date of injury for calculation purposes when Claimant last worked for Employer in 1988, and (3) whether Claimant was entitled to interest 21 days after February 1, 1995.

Initially, we begin our discussion by reiterating the holding in *Bible*, wherein the court held that the retroactive application of the 1995 amendments was not constitutionally infirm thereby allowing the amendments to apply "to all claims existing as of the effective date of this act for which compensation has not been paid or awarded." *Id.* at 252, 696 A.2d at 1151. Because Claimant here filed his claim petition on February 1, 1995, a date before the enactment of Act 1 on February 23, 1995, but before he received any benefits, Employer's first issue concerning the statute of limits provision in Section 306(c)(8)(viii) of the Act 1 appears to have been resolved.

■ However, in Claimant's addendum to his motion for reconsideration, he cited a section of Act 1 that the Supreme Court in *Bible* did not address in the context of the constitutional issue before it. Specifically, Claimant cited Section 3 of Act 1, which can be found in the Historical and Statutory Notes following Section 105.4 of Act 1, 77 P.S. § 25.4, and which states in its entirety that:

This act shall apply as follows:

(1) Except as provided in paragraph (2), the amendment or addition of sections 105.4, 105.5, 105.6 and 306(c)(8) of the act shall apply to claims filed on or after the effective date of this act.

(2) The amendment or addition of sections 105.5 and 306(c)(8)(i), (ii) and (iv) shall apply retroactively to all claims existing as of the effective date of this act for which compensation has not been paid or awarded.

Thus, pursuant to this section of Act 1, the legislature provided for the limited retroactive application of Act 1 to claimants where no compensation has been paid or awarded, i.e., only Sections 105.5, 306(c)(8)(i), (ii) and (iv) of the Act, 77 P.S. §§ 25.5, 513(8)(i), (ii) and (iv), are to be applied retroactively. Clearly, Section 306(c)(8)(viii) of the Act, the statute of limitations section, is not among those sections. Therefore, we hold that the statute of limitations section of Act 1 is inapplicable to this case.[7]

We note that in opposing Claimant's arguments on reconsideration, Employer relies on *Anchor Glass Container Corp. v. Workers' Compensation Appeal Board (Temechko)*, 752 A.2d 448 (Pa.Cmwlth. 2000). However, that case is clearly distinguishable. In footnote 2 in the *Anchor Glass* opinion, the court stated that the claimant did not challenge the applicability of Act 1, while the central issue in the case

whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *General Electric Co. v. Workers' Compensation Appeal Board (Bower)*, 734 A.2d 492 (Pa. Cmwlth.1999), *petition for allowance of appeal denied*, 561 Pa. 679, 749 A.2d 473 (2000).

**7.** We do not consider the parties' failure to cite Section 3 of Act 1 as a waiver of an issue. The application of Act 1 was questioned before the WCJ, the Board and again before this Court. As noted in Pa. R.A.P. 1513, "[t]he statement of objections will be deemed to include every subsidiary question fairly comprised therein." Moreover, we conclude this failure to cite Section 3 does not present a new theory; rather the citation simply provides authority for the theory previously presented. *See Doe–Spun, Inc. v. Morgan*, 93 Pa.Cmwlth. 447, 502 A.2d 287 (1985) (failure to cite Section 708 of the Judicial Code, 42 Pa.C.S. § 708, to allow a praecipe for writ of summons to be filed instead of an appeal in an assessment case, was not a waiver of the issue nor a new theory presented on appeal, but was considered additional authority to support the theory presented before the trial court).

before us raises the applicability of Act 1.[8] Accordingly, Employer's reliance on these cases is misplaced.

As part of its argument, essentially in the alternative, Employer takes issue with the WCJ's Finding of Fact No. 14, which we now quote in its entirety:

14. This Judge finds credible claimant's testimony that he was exposed to long term occupational noise in the work place which resulted in a gradual deterioration of his hearing. *This Judge finds that claimant was unaware of the nature and extent of his work-related hearing loss until he filed a claim petition on or about January 30, 1995.*

(WCJ's decision, p. 5, emphasis added).

Employer contends that no evidence in the record supports this finding as to Claimant's knowledge at the time he filed his claim petition. Employer cites *Anastasio v. Workmen's Compensation Appeal Board (NGK Metals Corp.)*, 713 A.2d 116 (Pa.Cmwlth.1997), a case that discusses the date of injury for statute of limitation purposes prior to the enactment of Act 1, explaining that:

A claimant's *belief*, without more, that the hearing loss is work-related does not rise to the level necessary to begin the running of the statute of limitations under the Act.[9] Indeed, the '[m]ere knowledge or suspicion of a significant hearing loss and a possible causal relationship with employment ... is not sufficient evidence of a compensable hearing loss.'

*Anastasio*, 713 A.2d at 120 (emphasis in original) (quoting *Boeing Helicopter Co. v. Workmen's Compensation Appeal Board (McCanney)*, 157 Pa.Cmwlth. 76, 629 A.2d 184, 189 (1993)), *petition for allowance of appeal dismissed*, 539 Pa. 321, 652 A.2d 796 (1994).

Additionally, this Court has held that "the deciding factor in determining the date of injury for purposes of Section 315 is when the claimant is advised by a doctor that he has suffered a complete loss of use of hearing for all practical intents and purposes and that the loss is work related.'" *Westinghouse Electric Corp. v. Workmen's Compensation Appeal Board (Peterson)*, 164 Pa.Cmwlth. 32, 641 A.2d 1277, 1281 (1994) *petition for allowance of appeal denied*, 540 Pa. 625, 657 A.2d 495 (1995).

Despite recognition of the above, Employer points out that none of these cases apply to the facts presently before this Court. Rather Employer contends that we must undertake a review pursuant to *Hermanson v. Workmen's Compensation Appeal Board (Kaiser Aluminum)*, 156 Pa.Cmwlth. 556, 628 A.2d 514 (1993), *petition for allowance of appeal denied*, 536 Pa. 633, 637 A.2d 293 (1993), because, like *Hermanson*, Claimant here filed his claim petition before he was aware of his doctor's opinion. In *Hermanson*, the WCJ found that the claimant filed his petition for hearing loss prior to consulting a doctor, but that he had known for ten years that he suffered a hearing loss as a result of his employment, and that his hearing problem had not worsened after retirement. The court held that, based on the WCJ's findings that were supported by substantial evidence, the claimant's petition was time-barred because the claimant knew of his hearing loss and it work-relatedness, although no doctor had so advised him.

---

8. Employer also cites *School District of Philadelphia v. Workers' Compensation Appeal Board (Hennegan)*, 751 A.2d 729 (Pa.Cmwlth. 2000), to support its contention that Act 1 applies to the instant case. However, in *Hennegan*, because the claim petition was filed after the enactment of the amendments, Act 1 must apply.

9. Section 315 of the Act, 77 P.S. § 602, provides:

In cases of personal injury all claims for compensation shall be forever barred, unless, within three years after the injury, the parties shall have agreed upon the compensation payable under this article; or unless with three years after the injury, one of the parties shall have filed a petition....

Here, Employer points out that Claimant filed his claim petition February 1, 1995, but was not medically evaluated until March 24, 1998, more than three years later. More important, Employer quotes Claimant's testimony, indicating that prior to or at a minimum, by the time Claimant retired on June 20, 1988, he was aware of his hearing loss, that it was caused by the exposure to noise at work and that it had not worsened following his retirement. Employer also cites Claimant's testimony that he had never consulted a doctor about his hearing loss and that by the time Claimant testified before the WCJ, Claimant still had not sought treatment for his hearing loss. Therefore, relying on this testimony, on *Hermanson* and on a lack of evidence to support the WCJ's Finding of Fact No. 14, Employer contends that Claimant did not meet the three-year statute of limitations requirement in Section 315 of the Act.

■ We agree to the extent that the last sentence in the WCJ's Finding of Fact No. 14 is not supported by any evidence in the record. We are unable to fathom what occurred at the time of the filing of the claim petition that made Claimant aware of a compensable hearing loss. We also note that in his petition, Claimant avers an injury date as "[t]hroughout my years of employment with the Defendant Employer, or in the alternative on 12/19/94." (R.R. 1a).

We, therefore, are compelled to vacate that portion of the WCJ's decision that determined the date of injury for statute of limitations purposes as the date the claim petition was filed. We remand the matter so that the WCJ can evaluate the evidence, make credibility determinations and formulate findings of fact as to Claimant's injury date so as to establish whether Claimant's claim petition was timely in accordance with the three year statute of limitations provision of the Act. In formulating his findings and conclusions, the WCJ should apply the law as it existed before the enactment of Act 1. If the WCJ determines that Claimant's petition was untimely, the matter ends. However, if the WCJ decides Claimant's claim is not time-barred, he should apply Section 306(c)(8)(i) and (iv) of Act 1 to calculate the award of benefits, as these sections of Act 1 are to be applied retroactively because no benefits were paid or awarded prior to the enactment of Act 1.

### ORDER

NOW, October 19, 2000, the order of the Workers' Compensation Appeal Board, at No. A98–2999, dated August 11, 1999, is vacated and the matter is remanded for proceedings consistent with the opinion.

Jurisdiction relinquished.