600 A.2d 684

**SUN OIL COMPANY, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (ANDREW J. DAVIS, III), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 30, 1991.

Decided Dec. 4, 1991.

Charles S. Katz, Jr., for petitioner.

John C. McFadden, for respondent.

Before McGINLEY and BYER, JJ., and BARRY, Senior Judge.

BARRY, Senior Judge.

Sun Oil Company (Sunoco), petitioner, appeals from an order of the Workmen's Compensation Appeal Board which affirmed a referee's decision that granted benefits to Andrew J. Davis, III, the claimant. Davis filed a petition alleging complete loss of hearing for all practical intents and purposes. The referee found the following facts. During the course of his employment with Sunoco, Davis was exposed to harmful noise levels at an industrial plant. As a result of that exposure, Davis suffered a complete loss of hearing in both ears for all practical intents and purposes. The referee further found that Davis had met the 120 day notice requirement in establishing his claim and awarded benefits for a 270 week period. The Board affirmed the referee's decision.

Sunoco challenges the referee's determination that Davis complied with the 120 day notice requirement. When faced with a challenge to a referee's findings, our standard and scope of review is clear. We will examine the record to determine whether constitutional rights have been violated, an error of law has been committed, or whether necessary findings are supported by substantial evidence. *Monaci v. Workmen's Compensation Appeal Board (Ward Truck-*

*ing)*, 116 Pa.Commonwealth Ct. 172, 174, 541 A.2d 60, 62 (1988). The referee, as fact finder, determines the weight and credibility of the evidence presented; the referee may accept or reject the testimony of any witness, in whole or in part. *Walzer v. Workmen's Compensation Appeal Board (Globe Security, Inc.)*, 69 Pa.Commonwealth Ct. 468, 473, 451 A.2d 799, 802 (1982).

Sunoco directs us to Davis' testimony that he sought the advice of counsel because he believed he had a hearing loss severe enough to require medical evaluation. (Notes of Testimony [N.T.] 6/16/88, pp. 22–23.) Davis was examined by Dr. Perlstein on May 14, 1987, who informed Davis "he had a hearing loss." (N.T., Perlstein Deposition [P.D.], p. 23.) Notice was not given until Davis' claim petition was circulated on September 29, 1987. From these facts, Sunoco concludes that notice was untimely because the notice period was triggered on May 14, 1987. We disagree.

Dr. Perlstein's testimony is clear that she did not inform Davis or his counsel that his hearing loss was severe enough to be compensable and was caused by his work exposure until July, 1987 at the earliest. (N.T., P.D., p. 22). Contrary to Sunoco's assertion, knowledge of a significant hearing loss and suspicions of a possible causal relationship with the work environment are not enough to begin the running of the 120 day period. The notice period is triggered on the date the claimant knows, or should know, that his hearing loss is severe enough to be compensable, i.e., is complete for all practical intents and purposes and that the hearing loss was caused by his employment. *Cyclops Corp. v. Workmen's Compensation Appeal Board (Sray, Jr.)*, 116 Pa.Commonwealth Ct. 421, 424, 541 A.2d 851, 853 (1988). Applying this standard to the relevant testimony, we see no error of law in the referee's determination that Davis met the notice requirement.

 Sunoco also challenges the referee's award of a 10 week healing period in addition to the 260 weeks of benefits provided for in § 306(8) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, § 306, *as*

*amended,* 77 P.S. § 513(8) (Supp.1991) (Act). The Act specifically provides for an additional ten weeks of compensation benefits to be paid for "any period of disability necessary and required as a healing period" in loss of hearing cases. 77 P.S. § 513(25). Sunoco argues that, as Davis voluntarily retired, he suffers no loss of earnings, is not disabled by his loss and, therefore, is not entitled to the healing period benefits. We disagree.

The quoted language indicates that the healing period benefits provision is triggered by a period of disability. The construction of the term "disability" as used in 77 P.S. § 513(25) is a question of first impression. Sunoco argues that disability when used in this context must be demonstrated by an impairment in earnings. The specific loss provisions, however, award compensation for all disability resulting from permanent injuries. An individual who suffers a specific loss is entitled to compensation even if he returns to the same job at the same wages following the accident. *Killian v. Heintz Division Kelsey Hayes,* 468 Pa. 200, 206, 360 A.2d 620, 623 (1976). Sections 306(a) and (b) of the Workmen's Compensation Act provide compensation for total and partial disability following an injury; that compensation reflects the actual loss of earning power resulting from the injury. *Id.,* 468 Pa. at 205, 360 A.2d at 623. Proof of the loss of earning power is part of the claimant's burden of proof in total disability cases under § 306(a), 77 P.S. § 511. *Priggins v. Workmen's Compensation Appeal Board (Bethlehem Mines),* 75 Pa.Commonwealth Ct. 482, 483, 462 A.2d 352, 353 (1983). Likewise, in partial disability cases under § 306(b), 77 P.S. § 512, the claimant must initially prove an inability to perform his preinjury job; the employer can then demonstrate the availability of alternative employment which the claimant can perform. *Cannon Boiler Works, Inc. v. Workmen's Compensation Appeal Board (Norris),* 58 Pa.Commonwealth Ct. 546, 548, 428 A.2d 293, 293 (1981). On the other hand, by awarding benefits even where there is no actual loss of earnings, § 306(c) creates a presumption that there is dis-

ability associated with a specific loss. Thus, we construe the phrase "period of disability necessary and required as a healing period" which appears in § 306(c)(25) consistently with the presumption of disability[1] used throughout § 306(c) and hold that a claimant need not demonstrate an impairment of earning capacity to qualify for the healing period extension of benefits. Accordingly, we find no error in the referee's award of the healing period benefits in this case.

## ORDER

NOW, December 4, 1991, the order of the Workmen's Compensation Appeal Board, dated January 18, 1991, at No. A90–531, is affirmed.

---

**1.** We note that *Killian,* creates an irrebuttable presumption of disability associated with a specific loss. The claimant's actual earnings cannot diminish the recovery for the loss. By the terms of the statute, however, the presumption as to disability for the healing period is rebuttable. If the claimant returns to employment with no impairment in earnings, the healing period ends. 77 P.S. § 513(25)(i). As no evidence was offered of a return to work by Davis, this provision does not terminate the healing period in this case.