548 Pa. 262 (1997)
696 A.2d 1157
Richard DROP, Appellant,
v.
WORKMEN'S COMPENSATION APPEAL BOARD (U.S. STEEL MINING CO.), Appellee.
Supreme Court of Pennsylvania.
Argued March 5, 1996.
Decided June 13, 1997.
*263 Simon B. John, Uniontown, for Richard Drop.
William J. McKim, Pittsburgh, for U.S. Steel Mining Company.
Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE and NIGRO, JJ.

OPINION
ZAPPALA, Justice.
This case involves a claim for workers' compensation benefits for loss of hearing filed in September of 1992. The workers' compensation judge denied benefits, finding that the claimant had not proven loss of hearing for all practical intents and purposes. The Workmen's Compensation Appeal Board affirmed. While the claimant's appeal was pending in Commonwealth Court, the legislature amended the hearing loss provisions of the Workers' Compensation Act. The issue presented here is whether these changes are applicable to this *264 claim. We hold that they are and remand for further proceedings.
At the time the claim was filed in this case, Section 306(c) of the Workers' Compensation Act, the "specific loss" section, established benefits for "complete loss of hearing": two-thirds of wages for two hundred sixty weeks in the case of complete loss of hearing in both ears and for sixty weeks in the case of complete loss of hearing in one ear. By case law, "complete" loss of hearing was interpreted not literally but as complete "for all practical intents and purposes."
Act 1 of 1995 amended this section to provide benefits for permanent partial hearing loss, indexing the duration of benefits to the percentage loss as measured by audiogram tests. In section 3(2) of Act 1 the legislature provided that these changes "shall apply retroactively to all claims existing as of the effective date of this act for which compensation has not been paid or awarded." In Bible v. Commonwealth of Pennsylvania, Department of Labor and Industry, 548 Pa. 247, 696 A.2d 1149, filed this same day, we held that this retroactive application was not unconstitutional as an impairment of contract or violation of due process.
By its terms, the retroactivity provision makes Act 1 of 1995 applicable: compensation had not been paid or awarded at the time the Act became effective. Indeed, the parties agree that the claim falls within the language of Section 3(2). The employer's only argument is that the claimant waived the issue by failing to raise it while his appeal was pending in Commonwealth Court.
Act 1 became effective on February 23, 1995, the day after the claimant had filed his Commonwealth Court brief. The employer notes that the claimant failed to bring the Act to the court's attention pursuant to Pa.R.A.P. 2501 during the three months that the court had the matter under consideration. Rather, the applicability of the Act was first raised in the claimant's petition for allowance of appeal. The employer argues that under the waiver doctrine we should not consider *265 the issue because it could have been but was not first presented to the lower court.
Under the circumstances of this case, we do not believe strict application of the waiver analysis is appropriate. Although the Commonwealth Court's decision affirming the denial of benefits on the record before it cannot be characterized as error, it was the manifest intention of the General Assembly that the changes to the Workers' Compensation Act be applied to existing claims "for which compensation has not been paid or awarded," which this concededly is.
The Order of the Commonwealth Court is vacated and the matter is remanded to the Workmen's Compensation Appeal Board for further proceedings.
NIX, Former C.J., and NEWMAN, J., did not participate in the consideration or decision of this case.