NGK METALS CORPORATION and
Tokio Marine and Fire Insurance
Company, Petitioners,

v.

WORKMEN'S COMPENSATION
APPEAL BOARD (ANAS-
TASIO), Respondent.

Commonwealth Court of Pennsylvania.

Argued Dec. 12, 1996.
Decided April 16, 1998.

R. Burke McLemore, Jr., Harrisburg, for petitioners.

Barbara G. Holmes, Pittsburg, for respondent.

Before FRIEDMAN and FLAHERTY, JJ., and LORD, Senior Judge.

FLAHERTY, Judge.

Employer NGK Metals Corporation (NGK) and Tokio Marine and Fire Insurance Company (Tokio) were granted reconsideration of their cross-appeals and the appeal of Donald Anastasio (Claimant) from the decision of Commonwealth Court, which vacated and remanded that part of the April 18, 1996, decision and order of the Workers' Compensation Appeal Board (Board)[1] which reversed the healing periods awarded by the workers' compensation judge (WCJ), but af-

---

1. Pursuant to the 1996 amendments to Section 107 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, at 77 P.S. § 27, the name of the Workmen's Compensation Appeal Board was changed to the Workers' Compensation Appeal Board effective August 23, 1996. *See* Act 57, Act of June 24, 1996, P.L. 801.

firmed the Board and the WCJ's decisions in all other aspects.

The Claimant worked in a metals plant which NGK purchased on October 1, 1986. Tokio was NGK's insurance carrier from October 1, 1986, through December 31, 1992. NGK changed carriers, effective January 1, 1993, from Tokio to National Union. In June of 1993, prior to the filing of his petition, the Claimant was advised by his physician that he sustained a complete loss of use of hearing. On June 16, 1993, the Claimant filed a claim petition averring a complete loss of hearing for all practical intents and purposes incurred while working for NGK. At a hearing before the WCJ, the Claimant testified on his own behalf regarding the noise level, amount of exposure and hearing difficulty and presented lay and medical testimony in support of his petition. NGK presented testimony from its plant production manager concerning its takeover of the plant, as well as testimony by medical experts regarding the Claimant.

After a hearing on the matter, the WCJ found that the Claimant sustained a specific loss of use of hearing in both ears for all practical intents and purposes while working for NGK. In a decision rendered January 31, 1995, the WCJ awarded Claimant the statutorily provided 260 weeks for binaural hearing loss under Section 306(c)(8)(I) of the Act, 77 P.S. § 513(8)(I), along with a 10 week healing period provided under Section 306(c)(25) of the Act, 77 P.S. § 513(25).

On April 18, 1996, the Board reversed the award of the healing period, specifically finding that the Claimant never returned to employment and, in fact, left employment prior to the diagnosis of his condition by his medical expert.[2] The Board determined there was no need for a healing period as the record lacked any evidence that the Claimant ever intended to return to work. The Board, however, affirmed the WCJ's decision in all other aspects. The Claimant appealed, and

NGK and Tokio cross-appealed, from the Board's decision and order.

In an opinion and order dated August 5, 1997, this court affirmed the Board in awarding 260 weeks of benefits for specific loss of use of hearing in both ears, vacated the Board's decision denying healing period awards and remanded the case to the Board with instructions to remand to the WCJ solely for the purpose of allowing NGK to present rebuttal evidence in regard to the healing period awards.

Petitioners filed a timely application for reargument to which Claimant responded with opposition. Reargument was denied by this court but reconsideration was granted and our opinion and order filed August 5, 1997, was withdrawn by our order of October 3, 1997.

The Claimant raises the following issues on appeal: whether the WCJ erred in relying upon the testimony and opinion of the Claimant's medical expert; whether substantial evidence exists to prove injurious exposure to noise so as to establish causation or injury; if causation is established, whether Tokio is the responsible carrier; whether the Board erred in reversing the healing period awarded to the Claimant and whether the evidence would warrant, at most, the award of benefits for the loss of hearing in one ear rather than 260 weeks for the loss of hearing in both ears, which latter period was awarded by the WCJ and the Board.[3]

## EVIDENCE AND CREDIBILITY

The WCJ found the testimony of the Claimant's medical expert credible and persuasive that the hearing loss was due to work-related noise exposure, including exposure to loud noise while working for NGK. As this court has consistently held, the WCJ is the ultimate finder of fact, *Universal Cyclops Steel Corp. v. Workmen's Compensation Appeal Board (Krawczynski)*, 9 Pa. Cmwlth. 176, 305 A.2d 757 (1973), and the exclusive arbiter of credibility and evidentia-

---

**2.** Claimant retired in October, 1992.

**3.** Our appellate review in a workers' compensation action, where the Board takes no additional evidence, is limited to determining whether the necessary findings of fact are supported by sub-

stantial evidence, whether constitutional rights were violated or whether an error of law was committed. *Nevin Trucking v. Workmen's Compensation Appeal Board (Murdock)*, 667 A.2d 262 (Pa.Cmwlth.1995).

ry weight. *Greenwich Collieries v. Workmen's Compensation Appeal Board (Buck)*, 664 A.2d 703 (Pa.Cmwlth.1995). Therefore, the WCJ is free to accept or reject, in whole or in part, the testimony of any witness presented including that of medical experts. *Buczynski v. Workmen's Compensation Appeal Board (Richardson–Vicks, Inc.)*, 133 Pa. Cmwlth. 532, 576 A.2d 421 (1990).

■ As we stated in *Sellari v. Workmen's Compensation Appeal Board (NGK Metals Corp.)*, 698 A.2d 1372, 1376 (Pa.Cmwlth. 1997), "[t]his court will neither re-weigh evidence nor assert its own determinations of credibility over that of the WCJ. Our review, specifically regarding witness testimony, is simply to ensure that the WCJ's findings of fact have the requisite measure of support in the record." Our review here reveals that substantial evidence exists to establish causation and injury in the Claimant's case. Thus, the Board correctly affirmed the WCJ's findings that the Claimant sustained a work-related specific loss of use of hearing while in the course of his employment with NGK.

### RESPONSIBLE CARRIER

The WCJ found that the Claimant first knew that he suffered a complete loss of hearing caused by employment when he was so advised by his medical expert. Tokio argues that because the Claimant was diagnosed with specific loss of use of hearing by his medical expert after December 31, 1992, the date Tokio last provided coverage for NGK, National Union, as NGK's carrier after that date, should be the responsible carrier. Tokio contends that the WCJ erred in finding it the responsible carrier and that the Board erred in affirming the WCJ by citing analogies to occupational disease law.

■ In *B.P. Oil Co. v. Workmen's Compensation Appeal Board (DeFrank)*, 158 Pa. Cmwlth. 8, 632 A.2d 585, 586 (1993), *petition for allowance of appeal denied*, 538 Pa. 675, 649 A.2d 676 (1994) (emphasis omitted), this court stated that the actual "date of injury is the date that a physician informs the claimant of the nature and extent of his hearing loss." Tokio contends that this date, therefore, should also determine the responsible carrier and, thus, any liability attributable to

NGK should be paid by National Union, the carrier on the date the Claimant was informed of his specific loss. As we stated in *Sellari:*

> when an employee has ceased working, the date that must be used to determine calculations for benefits for specific loss of use of hearing is the date of last exposure. This is so because that is the day when the claimant was last exposed to the harm that caused the injury. Under such circumstances, to assign liability to an insurance carrier solely on the basis that it is the carrier on the date of diagnosis, and not on the date of last exposure, would impart an egregious result. This court shall not render such a holding.

*Sellari*, at 1376 (citation omitted). Therefore, because Tokio was the carrier when the Claimant was last exposed to loud, occupational noise, the WCJ correctly found Tokio to be the responsible carrier.

### HEALING PERIOD

■ The WCJ awarded Claimant not only specific loss benefits under Section 306(c)(8)(I) of the Act, but also the maximum healing period provided in Section 306(c)(25) of the Act. The Board reversed the healing period awards, finding that Claimant was retired and missed no time from work because of the specific loss of use of hearing. Claimant cites to *Sun Oil Co. v. Workmen's Compensation Appeal Board (Davis)*, 144 Pa.Cmwlth. 51, 600 A.2d 684 (1991), for the proposition that the award of a healing period automatically follows the grant of specific loss benefits even when the employee does not return to work. However, as we held in *Sellari:*

> [a]lthough *Sun Oil* holds that a claimant is entitled to a *presumption* that the specific loss entitles him or her to the healing period prescribed under Section 306(c)(25) of the Act, such a presumption is *rebuttable*. Therefore, a claimant does not have the burden to "demonstrate an impairment of earning capacity to qualify for the healing period extension of benefits." *Sun Oil* [600 A.2d] at 686. The entitlement to a healing period award is *not*, as NGK avers, automatic. It is, however, the employer's

burden to present evidence to rebut the presumption of the claimant's entitlement to the proscribed healing period.

*Id.* at 1377 (emphasis in original). Here, however, the Board, ignoring the language of *Sun Oil* that a claimant does not have the burden to "demonstrate an impairment of earning capacity to qualify for the healing period extension of benefits", improperly placed the burden on the Claimant to prove entitlement to the healing periods by establishing a lessening in their earning power.[4] *Id.* 600 A.2d at 686.

Therefore, as in *Sellari,* in light of our clarification of *Sun Oil,* we vacate the WCJ's award of a healing period to Claimant and remand to the Board with instructions to remand to the WCJ to allow NGK to present rebuttal evidence with regard to the healing periods and to make necessary findings of fact and conclusions of law concerning the same.

### SPECIFIC LOSS BENEFITS

Finally, although the WCJ granted 260 weeks of specific loss benefits to Claimant for his complete loss of use of hearing for all practical intents and purposes, as we noted in *Sellari,* our Supreme Court recently addressed the 1995 amendments to the Act under Act 1, Act of February 22, 1995, P.L. 1 (Act 1), effective February 23, 1995, as they apply to specific loss of use of hearing benefits, in the case of *Bible v. Department of Labor and Industry,* 548 Pa. 247, 696 A.2d 1149 (1997).

The *Bible* Court held that Act 1 amended the hearing loss section of the Act and changed the standard for determining specific loss of use of hearing to now provide benefits for permanent partial and total loss of hearing by "multiplying the maximum number of weeks by the percentage of hearing impairment as demonstrated by audiogram testing...." *Id.* at 251, 696 A.2d at 1151.

The *Bible* Court, noting that Act 1 provided changes in the standard for determining

specific loss of use of hearing, also held that these changes were intended to apply "retroactively to all claims existing as of the effective date of this act *for which compensation has not been paid or awarded.*" *Id.* at 252, 696 A.2d at 1151 (citation omitted) (emphasis added). However, under the guidance of *Drop v. Workmen's Compensation Appeal Board (U.S. Steel Mining Co.),* 548 Pa. 262, 696 A.2d 1157 (1997), a Supreme Court decision filed the same day as *Bible,* we hold that *Bible* is inapplicable to the present matter.

In *Drop,* the claimant was denied specific loss of use of hearing benefits by the WCJ. This denial was upheld by the Board and this court. On appeal, the Supreme Court held that, as compensation had not been paid or awarded at the time Act 1 became effective, the retroactivity provision of Act 1 made it applicable to the matter on appeal. The Court, therefore, remanded the matter to the Board for further proceedings.

■ Here, as we held in *Sellari,* although *Bible* provides that the Act 1 amendments are to be applied retroactively, under the guidance of *Drop* we hold that Claimant's benefits for specific loss of use of hearing are not affected by the retroactive application of Act 1 because they were awarded prior to February 23, 1995, the effective date of Act 1.

The award of 260 weeks of specific loss of use of hearing benefits by the Board and the WCJ to Claimant were, however, based upon a finding that Claimant had a complete loss of hearing in both ears. Although there is substantial evidence to support a finding that the Claimant suffered a complete loss of hearing, there is no substantial evidence that the hearing loss in the right ear is work-related. Only the loss of hearing in the *left* ear is work-related. Dr. Herbert Kean testified on behalf of Claimant that Claimant had suffered a complete loss of hearing for all practical intents and purposes. He explained, however, that the loss of hearing in the right ear was due to chronic infections, a

---

4. Although the Board erroneously shifted the burden to the Claimant to prove entitlement to the healing period, we note that nowhere in the record did the retired Claimant raise as an issue

that he was forced to retire from employment with NGK because of a work-related specific loss of use of hearing.

"mixed type of hearing loss, meaning some conductive, some sensorineural," indicative of a middle ear problem. At this point, Claimant's counsel interrupted her direct examination to make the following statement:

> Ms. Schiller: Just so the record is clear, I'm not sure this petition has been amended to reflect that this is left ear only, but it is a left ear only case.

R.R. at 358a. Dr. Kean's testimony then was focused on emphasizing the greater loss in the left ear and culminated in his unequivocal opinions that Claimant had lost his hearing in his left ear for all practical intents and purposes as a result of the noise of his occupation. The testimony of Claimant's medical expert, Dr. Kean, was accepted by the WCJ.

Accordingly, we reverse the Board's decision and hold that Claimant is entitled to benefits for the specific loss of use of hearing in one ear, instead of 260 weeks for the loss of hearing in both ears, and vacate its determination regarding the healing period award. Moreover, we remand to the Board with instructions to remand to the WCJ solely for the purpose of awarding the proper benefits and allowing NGK to present rebuttal evidence in regard to the presumption that Claimant is entitled to a healing period award for his specific loss of use of hearing in his left ear and to make appropriate findings of fact and conclusions of law thereof.

### ORDER

NOW, April 16, 1998, the April 18, 1996, order of the Workers' Compensation Appeal Board is reversed to reflect that Claimant is entitled to benefits for the specific loss of use of hearing in one ear instead of being awarded 260 weeks of benefits for specific loss of use of hearing in both ears. The Board's decision is vacated as it pertains to its denial of a healing period award to Claimant.

Moreover, we remand to the Board with instructions to remand to the WCJ solely for the purpose of awarding the proper specific loss benefits and allowing NGK to present rebuttal evidence in regard to the presumption that Claimant is entitled to a healing period award for his specific loss of use of hearing and to make appropriate findings of fact and conclusions of law thereof. The order is affirmed in all other respects.

Jurisdiction relinquished.