**NGK METALS CORPORATION and Tokio Marine and Fire Insurance Company, Petitioners,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (MILLER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 9, 2000.

Decided July 18, 2000.

Reargument denied Sept. 8, 2000.

Robert P. Reed, Camp Hill, for petitioners.

Barbara E. Holmes, Pittsburgh, for respondent.

Before McGINLEY, Judge, KELLEY, Judge, and RODGERS, Senior Judge.

RODGERS, Senior Judge.

NGK Metals Corporation (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of a workers' compensation judge (WCJ) that granted benefits for a complete loss of hearing to August Miller (Claimant).

On December 22, 1993, Claimant filed a claim petition alleging that he sustained a complete loss of hearing for all practical intents and purposes as a result of his cumulative exposure to loud noise during the period of time he worked for Employer from June of 1951 until his retirement in December of 1992. Employer denied the allegations and the case was assigned to a WCJ.

Following the submission of evidence by both parties,[1] and based on the credible

1. Claimant testified on his own behalf and presented the deposition testimony of Herbert

testimony of Claimant and his witnesses, the WCJ issued his decision on May 22, 1995, granting benefits to Claimant for 260 weeks with an additional 10 week healing period. Although the record before the WCJ closed prior to the enactment of the hearing loss amendments to the Workers' Compensation Act (Act),[2] the WCJ's decision was not issued until almost three months after Act 1's enactment. Employer appealed to the Board and requested a supersedeas. Notably, the WCJ's decision was issued at the time this Court was considering the retroactive application in *Bible*.[3] On July 5, 1995, the supersedeas was denied and Employer requested a stay pursuant to this Court's order allowing stays in pending cases until a decision in *Bible* was reached.

On August 6, 1997, following the Supreme Court's June 13, 1997 decision in *Bible v. Department of Labor and Industry*, 548 Pa. 247, 696 A.2d 1149 (1997), the Board vacated the WCJ's decision and remanded the case for an adjudication con-

sistent with the Act 1 provisions. However, on September 3, 1997, Claimant filed a petition for review with this Court, alleging that the remand order was improper. After the petition was quashed as interlocutory, Claimant requested a rehearing before the Board, which was granted. The Board's earlier remand order was withdrawn. The Board then considered the merits of Employer's appeal[4] and affirmed the WCJ's original decision. The Board stated that "since Claimant's Petition involved a claim for the total (i.e.complete) loss of hearing, and the WCJ subsequently found a total loss of hearing, the Act 1 amendments and *Bible* were inapplicable." (Board's decision, December 28, 1999, p. 9).

Employer now appeals to this Court,[5] and argues that the American Medical Association Impairment Guides (AMA Guides) mandated by Act 1 should be applied to this case because the amendments themselves dictate retroactivity.[6] Em-

---

Kean, M.D., a board-certified otolaryngologist, who examined Claimant on March 29, 1993. Claimant testified about his noise exposure at work and the effect his diminished hearing had on his ability to function in his everyday life. Dr. Kean testified that Claimant had a loss of use of hearing for all practical intents and purposes caused by exposure to loud noise at work. Claimant also presented the testimony of G. Fred Shaeff, Jr., a fellow employee and president of the local union, who reported on the noise that existed over the years at Employer's facility.

In opposition, Employer presented the deposition testimony of two doctors, who gave general testimony about occupational hearing loss. Employer also presented the deposition testimony of Ronald Grossman, M.D., a board-certified otolaryngologist, who examined Claimant on November 28, 1994. Dr. Grossman testified that, although Claimant suffered a hearing loss that most likely was caused by exposure to noise at work, Claimant was not deaf and still had some useful hearing. Employer also presented the testimony of Arthur Becker, a current employee, who was the manager of production and inventory. Mr. Becker testified about the changes that took place over the years that reduced the amount of noise exposure for employees working for Employer.

**2.** Act June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4, 2501–2626. The hearing loss amendments are contained in Section 306(c)(8) of the Act, 77 P.S. § 513(8), and were added to the Act by the Act of February 23, 1995, P.L..1 (Act 1).

**3.** *Bible v. Department of Labor and Industry*, 663 A.2d 837 (Pa.Cmwlth.1995).

**4.** Employer's arguments centered on the applicability of Act 1 and on Claimant's right to the 10–week healing period.

**5.** Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *General Electric Co. v. Workers' Compensation Appeal Board (Rizzo)*, 737 A.2d 852 (Pa. Cmwlth.1999).

**6.** Section 3(2) of Act 1 provides:

(2) The amendment or addition of sections 105.5 and 306(c)(8)(i), (ii) and (iv) shall apply retroactively to all claims existing as of the effective date of this act for which

ployer also relies on the Supreme Court's decision in *Bible*, which held that the application of the 1995 amendments was not constitutionally infirm when applied "to all claims existing as of the effective date of this act for which compensation has not been paid or awarded." *Id.* at 252, 696 A.2d at 1151.

Employer further cites *Drop v. Workmen's Compensation Appeal Board (U.S. Steel Mining Co.)*, 548 Pa. 262, 696 A.2d 1157 (1997), a decision filed by the Supreme Court on the same day it filed *Bible*. The Supreme Court in *Drop* held that the Act 1 amendments applied even though the claimant's appeal from a denial of benefits had reached the briefing stage before Commonwealth Court. The *Drop* court stated that "it was the manifest intention of the general Assembly that the changes to the Workers' Compensation Act be applied to existing claims 'for which compensation has not been paid or awarded,'...." *Id.* at 265, 696 A.2d at 1158.

To counter Employer's argument, Claimant quotes the following from the *Bible* decision:

> Application of the new standards to cases where no award had yet been made also represented a rational means of implementing a legitimate purpose. Had the changes been made applicable only to claims filed after the effective date of the Act, claimants who were aware of the pending legislation would have been able to obtain an advantage over those who were not. By filing a claim before the Act became effective, such claimants could "lock in" the opportunity to seek a full 260 weeks of benefits for hearing loss that, under the new standards, would merit a shorter period of benefits. We cannot say that the means chosen to avoid this potential

windfall to some claimants was irrational.

*Id.* at 262, 696 A.2d at 1156. Although recognizing the import of the *Bible* court's reasoning, Claimant attempts to distinguish his intent when filing his claim in 1993. He asserts that he did not file his claim to gain an advantage; rather, the entire proceeding was litigated pursuant to the pre-amendment law. Claimant further asserts that by allowing Act 1 to be applied to this case, Employer is gaining the advantage, while Claimant is unfairly penalized.

Claimant also notes that the *Bible* decision rested on the determination that the retroactive application did not impair a claimant's right to compensation for hearing loss; it only varied the remedy. However, Claimant believes that his rights have been impaired, because the record in his case was closed prior to Act 1's enactment, leaving only the date of the WCJ's decision as the basis for the application of new law.

■ Nevertheless, we are bound to follow the legislature's directive in Section 3(2) of Act 1 and the holdings in *Bible* and *Drop*. The statute and case law require the application of Act 1 to Claimant's case, because he had not yet received payment or an award of compensation prior to the effect date of Act 1. Therefore, we reverse the Board's order to the extent that it affirms the grant of benefits for 260 weeks. We direct the payment of benefits according to the stipulation entered into by the parties that Claimant suffered a binaural hearing impairment of 24.4% as calculated pursuant to the AMA guides.

■ Employer's second issue concerns the WCJ's grant of a 10–week healing period. Employer argues that pursuant to Section 306(c)(25) of the Act, 77 P.S. § 513(25),[7] a claimant may be entitled to

---

compensation has not been paid or awarded.

7. Section 306(c)(25) of the Act provides:
   In addition to the payments hereinbefore provided for permanent injuries of the classes specified, any period of disability necessary and required as a healing period shall be compensated in accordance with the provisions of this subsection. The healing period shall end (i) when the claimant

an appropriate healing period, but only to the extent that a claimant suffers a lessening of his or her earning capacity or was forced to retire due the hearing impairment. Employer relies on *Sellari v. Workmen's Compensation Appeal Board (NGK Metals Corp.)*, 698 A.2d 1372 (Pa. Cmwlth.1997),[8] to support its argument that a remand is necessary to allow for the presentation of evidence to rebut the presumption that the specific loss entitles the claimant to the healing period prescribed in Section 306(c)(25). Employer contends that because no decisions clarifying the *Sun Oil Co. v. Workmen's Compensation Appeal Board (Davis)*, 144 Pa.Cmwlth. 51, 600 A.2d 684 (1991),[9] decision were in existence at the time the present case was litigated, as was the situation when *Sellari* was decided, we should follow the *Sellari* court's lead and remand the matter.

Claimant acknowledges that *Sellari* was decided after the WCJ here determined that he was entitled to the healing period. However, Claimant contends that the WCJ noted no evidence relative to the healing period issue even though personnel files were produced to supply the physicians with records concerning Claimant's hearing loss. Claimant further contends that Employer submitted no information that Claimant had not lost time from work due to his hearing problems. Nor does Claimant argue that he was forced to retire because he suffered a hearing loss. However, because Employer failed to produce such evidence that was available at the time of the WCJ's hearing, Claimant argues that we should affirm the award for the healing period. We disagree.

We are bound by *Sellari* and its progeny and, therefore, vacate the Board's affirmance of the WCJ's award of a healing period and remand to the Board with instructions to remand the matter to the WCJ. The remand is ordered solely for the purpose of allowing Employer to present rebuttal evidence on the healing period issue. The WCJ should formulate any necessary findings of fact and conclusions of law.

## ORDER

NOW, July 18, 2000, the order of the Workers' Compensation Appeal Board, at No. A95–2485, dated December 28, 1999, is reversed in so far as the Board affirms the WCJ's order that directed Employer to pay benefits for 260 weeks; rather, we order the payment of benefits to Claimant pursuant to the stipulation of the parties identifying Claimant's hearing impairment as 24.4%. We also vacate that portion of the Board's order affirming the WCJ's order wherein it awarded a 10–week healing period. We remand the case solely for the taking of rebuttal evidence and for the formulation of necessary findings of fact and conclusion of law.

Jurisdiction relinquished.

---

returns to employment without impairment in earnings, or (ii) on the last day of the period specified in the following table, whichever is the earlier:

. . . .

For the loss of hearing, ten weeks.

**8.** *See also NGK Metals Corp. v. Workmen's Compensation Appeal Board (Bailey)*, 698 A.2d 1365 (Pa.Cmwlth.1997), and *Anastasio v. Workmen's Compensation Appeal Board (NGK Metals Corp.)*, 713 A.2d 116 (Pa.Cmwlth. 1997), *petition for allowance of appeal denied,*

557 Pa. 634, 732 A.2d 618 (1998), two other cases filed simultaneously with *Sellari*.

**9.** In *Sun Oil*, the court held that a claimant was entitled to a presumption that a specific loss entitles him or her to a healing period. *Sellari*, *NGK Metals* and *Anastasio* all held that the presumption is rebuttable and that the employer has the "burden to present evidence to rebut the presumption of the claimant's entitlement to the proscribed healing period." *Sellari*, 698 A.2d at 1377.