**LTV STEEL COMPANY, INC., Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (GOOD), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 1, 2000.

Decided Jan. 10, 2001.

75   Pa.C.S. § 1584.

Harry J. Klucher, Pittsburgh, for petitioner.

Daniel K. Bricmont, Pittsburgh, for respondent.

Before COLINS, Judge, PELLEGRINI, Judge, and McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

LTV Steel, Inc. (Employer) petitions for review of a decision of the Workers' Compensation Appeal Board (Board), reversing the decision of the Workers' Compensation Judge (WCJ) which denied the claim petition of Sims R. Good (Claimant). For the reasons that follow, we reverse and remand in part and affirm in part.

On or about February 16, 1995, Claimant filed a claim petition, alleging that he sustained complete hearing loss for all practical intents and purposes in one or both ears, which resulted from long and continuous exposure to excessive noise during the course of his employment with Employer. Employer denied this allegation.

Due to the passage of the hearing loss amendments to the Workers' Compensation Act (Act),[1] i.e., Act 1 of 1995 (Act I), Act of February 23, 1995, P.L. 1, and the subsequent litigation regarding its constitutionality, the first hearing regarding this matter was not held until August 6, 1997. At a subsequent hearing before the WCJ, Claimant presented the medical report of Michael C. Bell, M.D., F.A.C.S., a board certified otolaryngologist, who examined Claimant on August 22, 1997. Dr. Bell concluded that Claimant's hearing impairment was 7.5% for the right ear, 15% for the left ear, for a total hearing loss of 8.75% due to noise exposure at his employment.

In response, Employer presented the report of Douglas A. Chen, M.D., a board certified otolaryngologist, who evaluated Claimant on January 15, 1998. Dr. Chen opined that at least part of Claimant's hearing loss predated his employment with Employer. However, Dr. Chen concluded that Claimant's hearing loss progressed since the beginning of his employment and that a substantial portion of this hearing loss was related to noise exposure during employment. Dr. Chen calculated Claimant's hearing impairment as 5.63% for the right ear, 13.13% for the left ear, for a total hearing loss of 6.88%.

1. Act of June 2, 1915, P.L. 736, *as amended,*  77 P.S. §§ 1–1041.4; 2501–2626.

The WCJ found Dr. Chen's report to be more credible and, therefore, found that Claimant sustained a binaural hearing impairment of 6.88% as a result of his exposure to industrial noise while employed by Employer. (WCJ's Finding of Fact No. 7, R. at 4a). However, applying Act 1, the WCJ denied Claimant's claim petition. The WCJ found the date of Claimant's injury to be August 22, 1997, the date that Dr. Bell advised Claimant of the nature and extent of his hearing loss. Thus, the WCJ concluded that Claimant had failed to meet his burden of proving that he sustained a hearing loss of 10% or greater as a result of his exposure to industrial noise at his place of employment.[2]

Claimant appealed, arguing that the WCJ erred in applying Act 1 to this case because Claimant filed the claim petition on February 16, 1995, prior to the effective date of the amendments on February 23, 1995. On July 26, 2000, the Board reversed the WCJ's decision, holding that although the case is controlled by Act 1, the 10% threshold is only applicable to claims filed *on or after* the effective date of Act 1.

The Board further concluded that the WCJ erred as a matter of law in finding Claimant's date of injury to be August 22, 1997. Based on the Pennsylvania Supreme Court's decision in *Bible v. Department of Labor and Industry*, 548 Pa. 247, 696 A.2d 1149 (1997), the Board determined that Act 1's amendments were intended to apply retroactively; thus, the date of Claimant's injury for occupational hearing loss was the earlier of the date on

which his claim was filed or the last date of long-term exposure to hazardous occupational noise while in the employ of employer. *See* Section 306(c)(8)(ix) of Act 1, 77 P.S. § 513(8)(ix).[3] Because Claimant was still working for Employer at the time his claim petition was filed, the Board concluded that his date of injury was the date he filed his claim petition, i.e., February 16, 1995.

On appeal to this Court,[4] Employer argues that Claimant's date of injury is that date when he learned that he sustained a hearing loss as a result of noise exposure at the work place, that being August 22, 1997. Employer contends that the date of injury section of Act 1, i.e., Section 306(c)(8)(ix), does not apply retroactively. Therefore, the date of injury is controlled by the pre-Act 1 standard, i.e., the date Claimant first learned that he had a hearing loss due to noise exposure at work. *See Keith v. Workers' Compensation Appeal Board*, 654 A.2d 183 (Pa.Cmwlth. 1995).

■ Admittedly, our Supreme Court's decision in *Bible* held that the retroactive application of the 1995 amendments was not constitutionally infirm thereby allowing the amendments to apply "to all claims existing as of the effective date of this act for which compensation has not been awarded." *Id.* at 252, 696 A.2d at 1151. Absent in *Bible*, however, was any discussion of Section 3 of Act 1, which can be found in the Historical and Statutory Notes following Section 105.4 of Act 1, 77 P.S. § 25.4. This Section provides:

2. Section 306(c)(8)(iii) of Act 1, 77 P.S. § 513(8)(iii), provides, "if there is a level of binaural hearing impairment as calculated under the Impairment Guides which is equal to or less than ten per centum, no benefits shall be payable."

3. This Section of Act 1 provides:
The date of injury for occupational hearing loss under subclause (i) of this clause shall be the earlier of the date on which the claim is filed or the last date of long-term exposure to hazardous occupational noise

while in the employ of the employer against whom the claim is filed.

4. Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa. Cmwlth. 436, 550 A.2d 1364 (1988).

(1) Except as provided in paragraph (2), the amendment or addition of sections 105.4, 105.5, 105.6 and 306(c)(8) of the act shall apply to claims filed on or after the effective date of this act.

(2) The amendment or additions of sections 105.5 and 306(c)(8)(i), (ii) and (iv) shall apply retroactively to all claims existing as of the effective date of this act for which compensation has not been paid or awarded.

Thus, pursuant to this Section of Act 1, the legislature provided for the limited retroactive application of Act 1 to claimants where no compensation has been paid or awarded, i.e., only Sections 105.5 (Impairment Guides), 306(c)(8)(i) (addressing the calculation of permanent hearing loss medically established as occupational hearing loss caused by long-term exposure to hazardous noise using the binaural formula), (ii) (addressing the calculation of permanent loss of hearing not caused by long-term exposure to hazardous occupational noise which is medically established to be due to other occupational causes), and (iv) (percentage of hearing impairment shall be established solely by audiogram) of the Act, 77 P.S. §§ 25.5, 513(8)(i), (ii) and (iv), were to be applied retroactively. Clearly, Section 306(c)(8)(ix) Act 1, the date of injury section, is not among those sections.[5]

Thus, we must conclude that the Board was incorrect when it determined that Claimant's date of injury was the date he filed his claim petition, i.e., February 16, 1995. Instead, Employer has correctly asserted that the date of injury is controlled by the pre-Act 1 standard, i.e., the date Claimant first learned that he had a hearing loss due to noise exposure at work. This date, as found by the WCJ, was August 22, 1997, the date that Dr. Bell advised Claimant of the nature and extent of his hearing loss. Accordingly, this portion of the Board's decision is reversed and this matter is remanded to the Board with the direction that it be further remanded to the WCJ for a calculation of benefits consistent with this opinion.

Next, Employer argues that Claimant is not entitled to benefits because his hearing loss does not meet the 10% threshold set forth in Section 306(c)(8)(iii) of Act 1. We disagree.

As discussed above, the legislature provided for the limited retroactive application of Act 1. The 10% threshold requirement provided in Section 306(c)(8)(iii) of Act 1 is not among the sections specifically intended for retroactive application. Applying the formula for partial hearing loss benefits as provided in Section 306(c)(8)(i), which the legislature specifically identified as being retroactive, we conclude that the Board correctly granted Claimant's claim petition for a binaural hearing impairment in the amount of 6.88%. Hence, this portion of the Board's opinion is affirmed.

### ORDER

AND NOW, this 10th day of January, 2001, the order of the Workers' Compensation Appeal Board (Board), insofar as it concluded that the date of Sims R. Good's (Claimant's) injury was February 16, 1995, is hereby reversed. This matter is remanded to the Board with the direction that it be further remanded to the Workers' Compensation Judge for a recalculation of Claimant's benefits consistent with this opinion. The order of the Board, insofar as it concluded that Claimant was entitled to partial hearing loss benefits for a binaural hearing impairment in the amount of 6.88%, is affirmed.

Jurisdiction relinquished.

---

**5.** Our determination of this issue does not set forth a new rule of law. *See also Flagg Brass v. Workers' Compensation Appeal Board (Katarzynski),* 760 A.2d 1224 (Pa.Cmwlth.2000) (this Court held that statute of limitations section of Act 1, Section 306(c)(8)(viii), 77 P.S. § 513(8)(viii), was not to be applied retroactively as it was not among the sections set forth in Section 3 of Act I).